## WORTHY, BROWN & Co. *vs.* PATTERSON.

1. Proof that a witness, who had been supœnaed, and whose deposition had been taken twelve days before the trial, was infirm and generally unable to leave home about the time when his deposition was taken, raises a *prima facie* presumption that he was unable to attend court, and, in the absence of proof to to the contrary, showing his ability to attend, warrants the admission of his deposition.

2. The measure of damages for the false warranty of the soundness of a slave, when the purchaser has not offered to return him, is the difference between his actual value and the amount which he would have been worth if sound.

ERROR to the Circuit Court of Montgomery.
Tried before the Hon. John D. Phelan.

This action is brought to recover damages for the false warranty of a slave. It appeared that the defendants sold the slave to the plaintiff on the 17th day of March, 1846, for five hundred and fifty dollars, and warranted him to be sound. And it was proved that the slave was unsound, and died about two years after the sale, of injuries received before the plaintiff bought him. It was shown, however, that the slave rendered the plaintiff service, up to November, 1847, and that such services were worth from four to six dollars per month. The plaintiff had never offered to return the slave to the defendant. In the progress of the trial, the plaintiff offered to read the deposition of one Boswell, who had been examined upon interrogatories twelve days before the trial, and proved that the witness resided about fifty-four miles from the court house, was infirm at the time of taking his deposition, and generally about that time unable to leave home. He had been subpœnaed, but did not attend. Upon this evidence the court admitted his deposition, and the defendant excepted.

The defendant requested the court to charge the jury, that if they believed from the evidence, that the negro was unsound at the time of the sale, if there was no evidence that the plaintiff offered to return him, and the evidence showed that he was not wholly valueless, then the measure of damages would be, the difference between the actual value of the negro at the time of the sale, and the value of the negro had he been sound, with interest on that difference from the time of the sale. This charge the court refused, and instructed the jury, that if the slave died, before suit, of injuries existing at the time of the sale, the measure of damages was the entire value of the slave at the date of the sale. To the charge thus given, and the refusal to charge as requested, the defendant excepted.

HARRIS, for plaintiff.

SEMPLE, *contra*.

DARGAN, C. J.—We can perceive no reason why the

deposition of the witness should have been rejected. The proof was that he was infirm and generally unable to leave home at the time the deposition was taken, and it was taken twelve days only before the trial. The proof raised at least a *prima facie* presumption that he was unable to attend court, and in the absence of any proof to the contrary, showing the ability of the witness to attend, warranted the admission of his deposition. The length of time between the taking of his deposition and the trial was too short, to enable the court to conclude that the witness had recovered sufficiently to attend and give evidence. At all events, as the court did not draw the inference, that the witness was able to attend and give testimony, we cannot say there was error in not drawing such an inference.

The court, however, erred in refusing the charge requested, as well as in the charge given. If a slave is warranted sound, but is unsound at the time of the warranty, the purchaser, although he has not offered to return the slave, may, nevertheless, recover of his warrantor, to the extent that the slave is impaired in value, by the unsoundness existing at the time of the purchase. This rule has been so often announced by this court, that it must be considered as the settled law. See Hogan v. Thorington, 8 Porter, 420; White v. Kornegay, 10 Ala. 255; Marshall v. Gant, 15 Ala. 685.

If, therefore, the slave was of any value at the time of the purchase, this actual value must be deducted from the amount the slave would have been worth, had he not labored under disease at the time of the warranty. To hold otherwise, would be to allow the purchaser damages to a greater extent than he had suffered injury; and all courts hold, that the damages for a breach of warranty should only be commensurate with the injury.

If the slave was of no value at all, then the measure of damages would be, what his value would have been *had he been sound.* But if he was of any value, and the plaintiff saw fit to retain him, then the actual value of the slave must be deducted from the amount the slave would have been worth, if he had been sound. This rule compensates the plaintiff for his actual injury, and this is all to which he is entitled.

Let the judgment be reversed, and the cause remanded.