## WRIGHT *vs.* WRIGHT.

[BILL IN EQUITY BY PURCHASER FOR ABATEMENT OF PURCHASE-MONEY.]

1. *Computation of interest in making abatement of purchase-money.*—In making an abatement of the purchase-money, where the several notes fall due at different times, and do not bear interest until after maturity, it is a proper method of computing interest, to divide the amount of the damages by the number of notes, and to allow interest on each sum from the time the notes respectively fell due; but, where the several notes, though falling due at different times, all bear interest from a given day before maturity, the interest on the damages should be computed from that day, and not from the maturity of the last note.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Mrs. Mary S. Wright and her husband, Joseph J. Wright, against John Wright; and sought an abatement of the purchase-money of a tract of land sold by the defendant to Mrs. Mary Wright—1st, on account of the defendant's fraudulent misrepresentations as to the location of the southern boundary-line; and, 2d, on account of an actual deficiency in the quantity of land conveyed, as compared with the recitals of the deed. The contract was made on the 23d December, 1854. The agreed price was $7,500, payable in three equal annual installments, with interest from the 1st January, 1855; for which the complainants executed their three promissory notes—one for $2,500, payable on the 3d January, 1855; one for $2,700, payable on the 1st January, 1856; and one for $2,900, payable on the 1st January, 1857. Two of these notes were discharged at maturity, and the third was outstanding when the bill was filed. The defendant answered; denying the charges of fraud and misrepresentation; and insisting that there was no deficiency in the quantity of land, and that there was no covenant, express or implied, as to quantity. On final hearing, on pleadings

Wright v. Wright.

and proof, the chancellor held, that the statements of the defendant's deed, as to the quantity of land conveyed, were mere matter of description, and did not constitute a covenant as to quantity ; but that the complainants were entitled to relief on account of the defendant's misrepresentations as to the location of the boundary-line, although made honestly and in good faith ; and he ordered a reference to the master, to ascertain the amount of damages to which they were entitled on that account.    The complainants appealed from this decree, and assigned the first branch of it as error in this court ; where the chancellor's decree was affirmed, as to that matter, at the January term, 1859. See the case reported in 34 Ala. 194.    The master having afterwards reported, that $325 was the amount which the complainants were entitled to have deducted from the unpaid note, the chancellor enjoined the collection of that sum, with the interest thereon from the 1st January, 1857, and dissolved the injunction as to the residue of the amount due on the note.    From this decree the complainants again appeal, and here assign the same as error.

GUNN & STRANGE, for appellants.

N. S. GRAHAM, *contra.*

R. W. WALKER, J.—In *Stow v. Bozeman,* (29 Ala. 397,) it was held, that in making an abatement of the purchase-money, it is a proper method of computing interest, to divide the amount of the damages by the number of notes originally given for the purchase-money, and to allow interest on each sum from the time the notes respectively fell due.    In that case, the notes given did not bear interest before their maturity ; and the rule adopted was undoubtedly the correct one, and should govern in all similar cases.    But in the present case, (treating the difference of two days between the 1st and 3d January, 1855, the day of the maturity of the first note, as merely nominal,) all the notes were made to bear interest from the 1st January, 1855 ; and it is fair that the interest on the amount which

the complainant was entitled to have deducted from the purchase-money, should be computed from the same time. The chancellor, however, allowed interest on the deduction only from the 1st January, 1857, which was the date of the maturity of the last note. In this there was error.

'There is no averment in the bill of mistake, as to the use of the word *eight*, instead of *eighty;* no complaint of damage, on account of the use of that word in the description of the land; no allegation "that defendant had ever been called on to correct the mistake, and no prayer to have it corrected. The appellant is, therefore, not in a situation to complain of the failure of the court to decree the correction of this mistake. There is nothing in the other assignments of error.

For the error pointed out, the decree must be reversed, and a decree here rendered, the same in all respects as the decree in the court below, except that the injunction shall extend to the sum of $325, with interest from the 1st January, 1855, instead of the 1st of January, 1857; this decree to take effect as of the 3d May, 1859. The costs of the appeal must be equally divided between the appellants and appellee.'