Moncure, P.
delivered the opinion of the court.
The court is of opinion, that there was a mutual mistake between the vendor and vendee in this case as to the quantity of land included in the boundaries of the tract sold by Isaac Kilgore to-Levi Hoback, as in the proceedings mentioned; the vendor having represented to the vendee that the said quantity was one hundred and twenty-sevén and a half acres, and the vendee having made the purchase on the faith of that representation; whereas, in truth and in fact, there were but eighty-one acres of land in the said tract.
The court is further of opinion, that the vendee, having fully paid the purchase money of the said tract according to the contract of the parties, is entitled to he compensated for the said deficiency in the quantity of land in the said tract, according to the principles laid down in Blessing’s adm’rs v. Beatty, 1 Rob. R. 287, and the cases therein cited.
The court is further of opinion, that although, in the case of a mere deficiency in quantity within the boundaries of a tract of land conveyed or contracted to be conveyed, the general rule of compensation is according to the average value of the whole tract—Id. p. 805; yet there will be a departure from that rule when particular circumstances require it—Id. And the court is of opinion, that there are such circumstances in this case, arising from the fact that there are valuable improvements upon the land, consisting of a dwelling-house, barn, and other outhouses, a tan-yard, and a grist-mill, the value of which improvements bears a very large proportion to the value of the land. And the court is therefore of opinion, that .in this case the just and true measure of compensation *445 is according to the average value of the land without the improvements, considering both together to be worth the contract price of fourteen hundred dollars, estimating the quantity of the land, as the parties did, at one hundred and twenty-seven and a half acres.
The court is further of opinion, that a vendor of real estate in his own right is bound to convey the same with general warranty, unless it be otherwise agreed between the parties; and there having been no such other agreement between these parties, the vendor, Isaac Kilgore, is bound to convey the said tract of land to the vendee, Levi Hobaek, with general warranty. But though it is necessary for the appellee, Hiram H. Kilgore, who seems to have the legal title to or some interest in the land, to join in the said conveyance; yet as he was not the vendor, he is bound to convey only with special warranty. ■
And the court is therefore of opinion, that the Circuit court, instead of making the final decree which it did, ought to have decreed that the said vendee, Ho-back, is entitled to a specific execution of the said contract for the purchase of the said tract of land, and to be compensated for the deficiency in the quantity of the said tract which was sold to him as containing one hundred and twenty-seven and a half acres, the said compensation to be ascertained in the manner aforesaid. And the court ought to have ascertained the extent of the deficiency and the amount of compensation to which the said vendee is entitled therefor, by a reference to a commissioner of the court, unless such reference had been rendered unnecessary by an agreement of the parties as to such extent and amount; and ought to have decreed the payment of the said amount with interest from the time at which it was due by the vendor to the vendee, and the conveyance *446 of the said tract of land in fee simple to the vendee by the vendor Isaac Kilgore with general warranty, and by the said Hiram H. Kilgore with special warranty, and the payment by the said Isaac Kilgore of the costs of the plaintiff in this suit in the said Circuit court.
The court is therefore of opinion, that the decree appealed from is erroneous; and it is decreed and ordered that the same be reversed and annulled, that the appellee Isaac Gilgore pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here, and that this cause be remanded to the said Circuit court for further proceedings to be had therein to a final decree, in conformity with the foregoing opinion.
Which is ordered to be certified to the said Circuit court of Wise county.
Decree reversed.