HENRY S. HANKINS ET AL. V. THOMAS J. MAJORS.

FILED OCTOBER 5, 1898. No. 8329.

1. **Review of Instructions.** Instructions relating to the right to recover, and having no bearing on the *quantum* of damages, cannot be complained of by the plaintiff when the verdict was in his favor, and unsatisfactory only in its amount.

2. **Vendor and Vendee: FRAUD: DAMAGES.** Evidence examined, and *held* sufficient to sustain a verdict for slight damages in an action by a vendee of land for false representations by the vendor as to quantity.

ERROR from the district court of York county. Tried below before BATES, J. *Affirmed.*

*F. C. Power*, for plaintiffs in error.

*Gilbert Bros., contra.*

IRVINE, C.

This was an action by the plaintiffs in error against the defendant in error to recover damages because of alleged false representations inducing a sale of land by the defendant to the plaintiffs. It was alleged that defendant represented the tract sold to contain 320 acres when in fact it contained but 248. The plaintiffs had a verdict

for $1, and bring the case here for review, assigning as error the giving of certain instructions and also the inadequacy of the damages allowed.

The instructions complained of relate to the right to recover, and have no bearing whatever on the measure of damages. As the plaintiffs had a verdict and the jury therefore found that they had a right to recover under the instructions as given, there could have been no error in those instructions prejudicial to plaintiffs. Whatever error there may have been was cured by the verdict.

Were the damages inadequate? The evidence on the part of plaintiffs tends to show that defendant at first asked $30 per acre for the land and the plaintiffs offered $25 per acre. Finally it was agreed that plaintiffs should take the land at the price of $9,000. One of plaintiffs inspected the land before it was bought. The court, at the request of plaintiffs themselves, instructed the jury that the measure of damages was the difference between the value of the land, had it contained the quantity represented, and its actual value. There was no proof of its value except by inference from the agreement of the parties. As they had agreed on a price of $9,000, it might be inferred that the land was regarded as worth something more than $28 per acre, and that the difference might be ascertained by apportioning the shortage on that basis; but we cannot regard that inference as necessary. The proof equally warranted the inference that the parties had agreed on an aggregate value on inspection of the land as it lay, without regard to the precise quantity; that the agreed price was not a valuation per acre, and no more represented a valuation on the hypothesis of its containing 320 acres than on actual view as to its apparent quantity. In this aspect there was no proof of the factors proposed by the instructions as fixing the damages. There is no legal presumption that the value of land varies in the exact ratio of its quantity. The jury must have found that while the trade was induced by false representations as to quantity, there was no

proof that plaintiffs had not received substantially what they expected and bargained for.

AFFIRMED.