ANNIE L. MILLS, Appellant, *v.* OTTO KAMPFE et al., Respondents.

Equity — vendor and purchaser — mutual mistake as to quantity of land sold — right of purchaser to recover from vendor for the deficiency in quantity.

1. Although agricultural land may have been neither bought nor sold professedly by the acre, the presumption is that in fixing the price regard was had on both sides to the quantity which both supposed the estate to consist of, and when a misrepresentation is made as to quantity, though innocently, the purchaser is entitled to have what the vendor can give, with an abatement out of the purchase money for so much as the quantity falls short of the representation.

2. Where the parties to a contract for farm lands and the assignee of the contract believed that the parcel contained about 250 acres, and the negotiations and agreements were had and executed on both sides upon the basis of such common belief and understanding, all the parties being mutually mistaken in the belief that the piece or parcel of land contained about 250 acres, and the agreement and deeds were founded upon such mutual mistake, whereas the farm only contained a little more than 233 acres, the assignee of the contract is entitled to judgment for this deficiency, at an average price paid per acre, on the basis of 250 acres.

3. This result is properly reached although the farm consisted of both agricultural and woodland, in the absence of evidence as to disparity in value between the two kinds of land.

4. The fact that the purchaser had been upon the land and observed the boundaries, and in that manner had an opportunity to know of its extent, and also that the description, after giving the number of acres, added the words "more or less," is not sufficient to defeat a recovery where the number of acres is materially less than that called for by the conveyance, in the absence of some special finding of fact to the vendee's disadvantage. (*Paine* v. *Upton*, 87 N. Y. 327, followed.)

*Mills* v. *Kampfe*, 135 App. Div. 748, reversed.

(Argued March 24, 1911; decided April 25, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 11, 1909, reversing, on questions of law, a judgment in favor of plaintiff entered upon a decision of

the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. Walter Randall* for appellant. Equity recognizes the right of a plaintiff to relief from an inequitable situation such as here existed. (*Gallup* v. *Bernd*, 132 N. Y. 370; *Hill* v. *Buckley*, 17 Ves. 394; *Belknap* v. *Sealey*, 14 N. Y. 143; Warvelle on Vendors, 975; 1 Sugden on V. & P. ch. 7, § 3; *Paine* v. *Upton*, 87 N. Y. 327.) The findings of fact herein sustain the conclusion of law made by the court below. (*Paine* v. *Upton*, 87 N. Y. 327; *Duclos* v. *Kelley*, 197 N. Y. 76.)

*Abram Shlivek* and *Lewis J. Smith* for respondents. The plaintiff failed to prove any facts sufficient to justify a reformation of the contract. (2 Pom. Eq. Juris. [3d ed.] § 859; 1 Story's Eq. Juris. § 157; *Heinkle* v. *R. E. A. Co.*, 1 Ves. 317; *U. S.* v. *Monroe*, 5 Mason, 572; *White* v. *Williams*, 48 Barb. 222; *Husted* v. *Van Ness*, 158 N. Y. 104; *Moffett* v. *Jaffe*, 132 App. Div. 7; *Westinghouse* v. *R. S. Co.*, 116 App. Div. 123; *Thomas* v. *Harmon*, 122 N. Y. 84; *Curtis* v. *Albee*, 167 N. Y. 360.) Plaintiff failed to sustain her contention of a "mutual mistake." (*Dambmann* v. *Schulting*, 75 N. Y. 61; *Jackson* v. *Andrews*, 59 N. Y. 244; *Sprague* v. *Griffin*, 47 N. Y. Supp. 857.) The findings of the trial court, not having established a sale by the acre, failed to justify a judgment for the plaintiff. (*Belknap* v. *Sealey*, 14 N. Y. 143; *Wilson* v. *Randall*, 67 N. Y. 338; *Paine* v. *Upton*, 87 N. Y. 327; *Gallup* v. *Bernd*, 132 N. Y. 370; *Faure* v. *Martin*, 7 N. Y. 210; *Marvin* v. *Bennett*, 8 Paige, 312; *Veeder* v. *Fonda*, 3 Paige, 94; *Moffett* v. *Jaffe*, 132 App. Div. 7; *Sweet* v. *Marsh*, 133 App. Div. 315.)

HISCOCK, J.   Appellant's assignor made a written contract for the purchase at $47,500 of a tract of land from

the defendants other than the executrix Kampfe, who represents one Richard Kampfe, who was one of the vendors. Thereafter said contract was assigned to the appellant, who executed the same and received a deed of the premises. She brought this action claiming that she and her assignor were led by representations of the vendors to believe that said tract contained 264 65-100 acres, whereas it contained a little less than 231 acres, and she sought to have the contract reformed and to recover for the deficiency in acreage at the average price per acre on the basis of the greater quantity. The trial judge found that the contract was made, and assigned to and carried out by the appellant, on and under the mutually mistaken belief by all of the parties that the tract contained 250 acres, whereas it only contained a little more than 233 acres, and he gave judgment to appellant for this deficiency, at an average price paid per acre on the basis of 250 acres. This judgment having been reversed as a matter of law, we have been presented with the resulting questions whether the findings of fact supported the conclusions of law and judgment and whether the evidence sustained the findings. These questions are almost entirely debated in connection with three findings.

In addition to other findings with reference to formal matters involved in the execution and assignment of the contract, the execution of the deed, payment of the purchase price, and the actual amount of land conveyed, about which there seems to have been no dispute, there was a finding of considerable importance also based on undisputed evidence that the property consisted of unimproved farm land and woodland.

The court then found that during all of the negotiations preceding and at the time of the execution of the contract for the purchase and prior to and at the time of the assignment of said contract to appellant, all the parties to said contract and assignment " believed that the said parcel of land contained about 250 acres, and the

negotiations and agreements were had and executed on both sides upon the basis of such common belief and understanding;" also that "all the parties were mutually mistaken in the belief that the piece or parcel of land contained about 250 acres, and said agreement and deeds were founded upon such mutual mistake."

The first inquiry in logical order is whether the evidence sustained these findings. I think it did. It is true that the defendants' evidence tended to negative them and that plaintiff's complaint alleged and her evidence by itself tended to establish an understanding of upwards of 264 acres instead of 250 acres as found by the court. But considering all of the evidence on both sides as of course the court had a right to do instead of accepting absolutely and fully that of either side, it was justified in finding that the understanding on both sides was that there was an acreage of 250 acres with the possibility of a larger amount. This finding is in conformity with and is supported by the written contract which the parties made and which after giving the boundaries described the tract as "containing about 250 acres of land, be the same more or less; and containing within said bounds 264 65-100 acres according to a survey made by Jarvis," etc.

The remaining question is whether the findings, and especially the crucial ones which have been quoted from, entitled plaintiff to judgment. I think they did within the authority of *Paine* v. *Upton* (87 N. Y. 327), which case counsel for appellant with attractive frankness freely admits he has used as his model and guide in this litigation.

That case came to this court on findings alone on an appeal from an order and judgment of the General Term reversing a judgment of the trial court dismissing the complaint. The important ones of these findings were to the effect that the parties negotiated for the purchase of a farm; that at the outset of the negotiations inquiry was made concerning the price per acre, but finally a written

4

contract was made for the sale at a gross sum of a farm
"containing about two hundred and twenty acres of land
be the same more or less;" that subsequently it was found
to contain only 206 and a fraction acres; that "all the
parties believed, during the negotiation for the sale of
the farm, and at the time of executing the contract and
deed, and until about nine months after the making of
the deed, that the farm did in fact contain two hundred
and twenty acres of land, and upward, and that such
negotiation and agreement were had and executed on
both sides, upon the basis of such common belief and
understanding;" that "all the parties were mutually
mistaken in the belief that it (the farm) contained at least
two hundred and twenty acres or upwards, and said
agreement and deed were founded upon such mutual
mistake."

Under these circumstances it was held that the plain-
tiff was entitled to recover for the deficiency in quantity
at the average price paid per acre on the basis of the
quantity supposed to have been purchased. Chief Judge
ANDREWS, writing for the court, said: "It is to be
observed, that the facts affirmatively show a mutual mis-
take of the parties, in respect to the quantity of land,
which commenced with the commencement of the nego-
tiation for the sale of the farm, and pervaded the whole
dealing from that time, until the transaction was consum-
mated. * * * This mistake, moreover, was as to an
essential and material element of the contract. In the
absence of any finding of special facts and circumstances,
the natural presumption is, that in a sale of agricultural
land, the element of quantity enters into the transaction,
and affects the consideration agreed to be paid. But in
this case it is plain, that the representation of quantity,
was deemed material by the parties. The sale was per-
haps not technically, a sale by the acre. But the starting
point of the negotiation was an inquiry by the purchaser,
as to the quantity of land in the farm, and the gross sum

originally asked was fixed by the sellers, by reckoning the land at $150 an acre.  *  *  *  The price finally agreed upon was also fixed upon the supposition that the farm contained at least two hundred and twenty acres. This is a necessary inference from the finding, that the parties acted upon the assumption that the farm contained that number of acres, and that the contract was made and executed upon this basis." (p. 331.)

The learned judge cited with approval from *Hill* v. *Buckley* (17 Ves. 394), where it is said: "Where a misrepresentation is made as to the quantity, though innocently, I apprehend the right of the purchaser to be, to have what the vendor can give; with an abatement out of the purchase money for so much as the quantity falls short of the representation. That is the rule generally; as, though the land is neither bought nor sold professedly by the acre, the presumption is, that in fixing the price, regard was had on both sides, to the quantity which both suppose the estate to consist of."

The only difference between the features of the *Paine* case and of this one is that it was there found and here not found in terms that the negotiations opened with an inquiry concerning the price to be paid per acre although in the final contract a gross sum was stated. This finding, however, is of evidentiary facts and it is to be noted that the evidence upon which the findings in this case were necessarily based shows the same feature to have entered into the negotiations here involved. The important and controlling findings in that case relative to the action of the parties upon the basis of a supposed quantity of land and relative to their mutual mistake are in substantially the same language as that employed in the findings now before us, and I see no opportunity, even if we were so disposed, to withdraw this case from the authority of that decision.

That case also contained the features here present that the purchaser had been upon the land and observed the

boundaries and in that manner had an opportunity to know of its extent, and also that the description after giving the number of acres added the words "more or less." It necessarily determined as we, following its authority and that of many other decisions, must decide, that neither of these features were sufficient to defeat a recovery in the absence of some special finding of fact based thereon to the vendee's disadvantage.

It was suggested on the argument that inasmuch as the premises in this case consisted of both agricultural lands and woodland a proper result could not be reached by allowing plaintiff for the deficiency in quantity at an average price per acre. Neither the finding nor the evidence upon which it is based leads us to adopt this view. It was found that the land was "unimproved farm and wood land." The evidence on which this finding rested was: "The property lies * * * half field, half woods. You could hardly call it woods. There is some wood on it, partly clear and partly wooded." This does not indicate that the so-called woodland was valuable as timber land or otherwise than in connection with the agricultural land. Together they appear to have made up that combination of land which ordinarily passes under the description of a farm. If there had been any such disparity in value between the two kinds of land that fair results would not be obtained by allowing for the deficiency at an average price per acre, I think that at least there would have been some evidence to that effect.

In accordance with these views I think that the order of the Appellate Division should be reversed and judgment of the Trial Term affirmed, with costs in both courts.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and COLLIN, JJ., concur.

Order reversed, etc.