Argued July 1, reversed July 27, 1915.

## STATE *v.* NAYLOR.*

(150 Pac. 860.)

**Lewdness—Evidence—Admissibility.**

1. In a prosecution for lewd cohabitation, evidence showing that the conduct of defendant was the subject of criticism in the community was inadmissible, since the question is not whether defendant's conduct was commented upon, but whether it was such as in the mind of a reasonable man would tend to cause scandal, and to induce the belief that the relations between the parties were meretricious.

[As to presumption that character of defendant in criminal case is good, see note in Ann. Cas. 1913D, 407.]

---

*As to waiver of objection to testimony by cross-examination, see note in 33 L. R. A. (N. S.) 103.                    REPORTER.

Witnesses—Cross-examination—Effect.

2. Both the direct and the cross-examination must be treated as evidence given for the party calling the witness, in determining its competency on appeal.

Criminal Law—Objections to Evidence—Waiver—Cross-examination.

3. The right to complain of an error committed in the reception of incompetent evidence over seasonable objection is not waived by the mere fact of cross-examination of the witness respecting the matter objected to.

Criminal Law—Appeal—Disposition of Cause—Remand.

4. The court will not determine a criminal cause on appeal, under Article VII, Section 3, of the Constitution, as amended in 1910 (Laws 1911, p. 7), providing that, if the Supreme Court is of the opinion that the judgment should be changed, and that it can determine the judgment that should have been rendered, it shall direct the entry thereof, where the record shows that it will be peculiarly appropriate for the jury to pass upon the issues involved.

From Washington: James A. Eakin, Judge.

Department 2.     Statement by Mr. Justice Harris.

George F. Naylor was by indictment accused of lewd cohabitation with Rachel Watrous. Nineteen of the 27 witnesses called by the state were permitted, in despite of the objections interposed by defendant, to testify that the conduct and manner of living of George F. Naylor and Rachel Watrous caused talk in the community. The different witnesses described the talk variously. One designated it as "some talk," and others characterized it as "a good deal," or "some," or "a great deal," or "public," or "public talk and public scandal," or "general public gossip," or "general talk."

Manche Langley, a witness for the state, testified over objection that she had heard "from a very great number of people that the children looked a very great deal like Mr. Naylor." Mrs. Barber was asked by the state:

"Do you mean to say that your husband was the only one you heard talk about this subject?"

The court denied the motion of defendant to strike out the answer of the witness, who responded thus:

"If I might explain, I have handled 66 girl cases within the last couple of years since I began this work, and about one out of every six has said to me: 'Why do you pitch into us for? Why don't you clean out the Naylors?'" REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. John J. Fitzgerald, Mr. Sam M. Johnson* and *Mr. John F. Logan,* with oral arguments by *Mr. Fitzgerald* and *Mr. Johnson.*

For the State there was a brief over the names of *Mr. Thomas H. Tongue, Jr.,* and *Mr. Edmund B. Tongue,* District Attorney, with an oral argument by *Mr. Thomas H. Tongue, Jr.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1. Since the trial of the instant case in the Circuit Court, the same class of testimony objected to here was held to be inadmissible and prejudicial in *State* v. *Naylor,* 68 Or. 139 (136 Pac. 889), where Mr. Chief Justice McBRIDE, speaking for the court, says:

"The first error assigned in the appellant's brief was the admission by the court of evidence tending to show that the conduct of defendant and Miss Traver was the subject of comment and criticism in the community. The learned district attorney has cited to us no case, and we have been unable to find one, which holds evidence of this character to be admissible. It is plausibly argued that, as the gist of the offense is its tendency to cause scandal and corrupt public morals, the fact that scandal was caused may be proved as a substantive fact in the case. This would be a dangerous doctrine to ingraft upon the law. The

question is not whether defendant's conduct was commented upon by a few, or even many, people, but was it such as in the mind of a reasonable man would tend to cause scandal and tend to induce the belief in the minds of reasonable people that the relations between the parties were meretricious? Any other rule would substitute hearsay and the opinion of some members of the community for that testimony as to the facts which the law always requires. The authorities support this view: 2 McClain, Crim. Law, § 1135; *Belcher* v. *State,* 27 Tenn. (8 Humph.) 63; *Buttram* v. *State,* 44 Tenn. (4 Cold.) 171. The admission of this testimony was error."

It is argued, however, that defendant, by cross-examining the witnesses concerning the evidence objected to, waived the error now complained of. It must be conceded that the conduct of a party may sometimes operate as a waiver and prevent him from taking advantage of what would otherwise be error. In his brief the district attorney relies upon *State* v. *Finch,* 54 Or. 483 (103 Pac. 505), where the court in a criminal action received in evidence, for the purpose of proving motive, a record showing certain charges preferred by the deceased as prosecutor for the State Bar Association against the defendant, Finch's answer to the charge, his plea, and final judgment suspending him from practice. The evidence was held to be competent; but, even assuming that it had been improperly admitted, the court further ruled that the defendant waived any error by his own conduct in introducing the record of the preliminary hearing of the same charges before the grievance committee of the Bar Association, which was substantially the same as the record introduced by the state. An examination of the proceedings in *State* v. *Finch* will disclose that the record offered by the defendant was intro-

duced by him through witnesses called for the defendant as a part of his case and clearly it is not an illustration of waiver by cross-examination.

Nor is *Henderson* v. *Morris,* 5 Or. 24, an authority for the doctrine contended for by the state, because there a witness for the plaintiff was asked on cross-examination whether an account annexed to the complaint was not copied from plaintiff's books and the witness answered that it was. The court held that, if the object of the cross-examiner was to contradict or· discredit the witness, it may have been important to the plaintiff to establish the truth of the answer given by the witness, and that therefore the plaintiff's books were made competent for that purpose. The substance of the ruling in *Henderson* v. *Morris,* 5 Or. 24, is that the defendant by his conduct made the books competent, so that there was no error at all. The holding is not that there was an error which the defendant could not complain of because of a waiver, but the evidence was made competent by the defendant, and consequently in the ultimate analysis there was no error. The defendant by cross-examination may so supplement the direct examination as to supply an omission, as where a witness is not shown on direct examination to possess the qualifications necessary to enable him to testify as an expert, but on cross-examination the requisite qualifications are established. If the evidence elicited on cross-examination should be treated as given for and offered by the party directing the cross-examination rather than for the party calling the witness, then there might possibly be some plausible reason for the conclusion that such cross-examination operates as a waiver.

2. The rule is that both the direct and the cross-examination must be treated as evidence given for the

party calling the witness. As was well said in *Ah Doon* v. *Smith,* 25 Or. 89 (34 Pac. 1093):

"The testimony of a witness is not alone his evidence as given in chief, but it is the combined result of that given in chief as explained, modified or contradicted by the cross-examination."

3. There are sporadic cases adhering to the doctrine of waiver, but both reason and the weight of authority support the rule that the right to complain of an error committed in the reception of incompetent evidence over seasonable objection is not waived by the mere fact of the cross-examination of the witness respecting the matter objected to: *Cathey* v. *Missouri, K. & T. R. Co.,* 104 Tex. 39 (133 S. W. 417, 33 L. R. A. (N. S.) 103); *Galveston, H. & S. A. Ry. Co.* v. *Kellogg* (Tex. Civ. App.), 172 S. W. 180; *Scarborough* v. *Blackman,* 108 Ala. 656 (18 South. 735); *Ætna Life Ins. Co.* v. *Paul,* 23 Ill. App. 611; *United Ry. & Elec. Co.* v. *Corbin,* 109 Md. 442 (72 Atl. 606); *Barker* v. *St. Louis, I. M. & S. R. Co.,* 126 Mo. 143 (28 S. W. 866, 47 Am. St. Rep. 646, 26 L. R. A. 843); *Johnston* v. *Johnston,* 173 Mo. 91 (73 S. W. 202, 96 Am. St. Rep. 486, 61 L. R. A. 106); *Costigan* v. *Michael Trans. Co.,* 33 Mo. App. 269; *Marsh* v. *Synder,* 14 Neb. 237 (15 N. W. 341); *Finkelstein* v. *Keene Elec. R. Co.,* 75 N. H. 303 (73 Atl. 705); *Offitt* v. *State,* 5 Okl. Cr. 48 (113 Pac. 554); *Laver* v. *Hotaling,* 115 Cal. 613 (47 Pac. 593); *Id.,* (Cal.), (46 Pac. 1070); *Peacock* v. *Gleesen,* 117 Iowa, 291 (90 N. W. 610); *Metropolitan N. Bk.* v. *Commercial S. Bk.,* 104 Iowa, 682 (74 N. W. 26); 2 Ency. Pl. & Pr. 523; 2 R. C. L. 97; Underhill on Ev., § 367.

4. Counsel for the state urge with much force that, notwithstanding the prejudicial errors committed at the *nisi prius* trial, this court should determine the cause on appeal in conformity with Section 3 of Arti-

cle VII of the state Constitution as amended in 1910
(Laws 1911, p. 7), as interpreted by the majority opin-
ion in *Hoag* v. *Washington-Oregon Corp.,* 75 Or. 588
(147 Pac. 756). An examination of the record shows
that it will be peculiarly appropriate for a jury to pass
upon the issues involved after hearing competent tes-
timony, with an opportunity to observe the appear-
ance of the witnesses and their manner of testifying.
The remaining questions presented by the assign-
ments of error are not likely to arise upon another
trial, and for that reason are not now discussed.

The judgment is reversed and the cause is remanded
for a new trial.           REVERSED AND REMANDED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and
MR. JUSTICE BEAN concur.