### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## MIDDLE DIVISION.

---

## NASHVILLE, DECEMBER TERM, 1916.

### E. F. Tinsley *v.* S. J. Hearn *et al.*

### (*Nashville.* December Term, 1916.)

1. **VENDOR AND PURCHASER. Deed. Description. Deficiency in quality.**

   Although a sale of land was in gross, and the deed described the tract as containing sixty-six acres, more or less, a deficiency of ten acres, one-sixth of the entire boundary represented, is so great as to justify an inference of mutual mistake, and the purchaser is entitled to abatement of the purchase price. (*Post, pp.* 587, 588.)

   Cases cited and approved: Bingham v. Madison, 103 Tenn., 358; Rich v. Scales, 116 Tenn., 57.

2. **VENDOR AND PURCHASER. Land conveyed. Deficiency. Abatement in price.**

   Where plaintiff purchased a tract of land with improvements, which he inspected before purchasing, in determining the amount of abatement on the purchase price for a deficiency of ten out of sixty-six acres, more or less, conveyed by the deed, the value of the improvements as of the date of sale should

Tinsley v. Hearn.

be deducted from the consideration before making a division for average value per acre.  (*Post*, *pp.* 588-592.)

Cases cited and approved: Stow v. Bozeman, 29 Ala., 397; Hoback v. Kilgores, 26 Grat. (Va.), 442.

Cases cited and distinguished: Hill v. Buckley, 17 Ves. Jr., 394; Wilcoxon v. Calloway, 67 N. C., 463.

FROM WILSON.

Appeal from the Chancery Court of Wilson County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court—J. W. Stout, Chancellor.

SETH M. WALKER, for plaintiff.

J. H. CAMPBELL, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Hearn and Stratton sold to Tinsley a tract of land, representing in the negotiation that it contained sixty-six acres. Tinsley went upon the tract and saw the major portion of it, particularly noting the residence and other improvements, and purchased believing that there was sixty-six acres in the boundary. The deed of conveyance recited a consideration of $4,250. The proof now in the record indicates that the improvements were of a value probably above $1,250.

Some time after the conveyance it was ascertained that there were in the boundary only fifty-six acres. This suit was brought by the purchaser to recover for the ten acres lacking. The rulings of the chancellor and the intermediate appellate court will be set forth in the body of the opinion.

Though the sale was in gross, and the deed of conveyance described the tract as containing sixty-six acres, "more or less," a deficiency of sixteen and two-thirds per cent. (one-sixth) of the entire boundary represented is so great as to justify an inference of mutual mistake, and the purchaser is entitled to an abatement of the purchase price. Both the chancellor and the court of civil appeals so held, and correctly, under the rules laid down in *Bigham* v. *Madison,* 103 Tenn., 358, 52 S. W., 1074, 47 L. R. A. 267, and *Rich* v. *Scales,* 116 Tenn., 57, 91 S. W., 50.

The chancellor, however, decreed an allowance for the deficiency in favor of the purchaser on the basis of the average value of the acreage, improved and unimproved, in the entire tract; and this is complained of by the appealing vendors, who insist that, as there were valuable improvements on the land which the purchaser undoubtedly took over, this fact should have been taken into consideration and that the purchaser's right in any abatement is to actual compensation, not necessarily an abatement in price proportionate to the deficiency.

We think there is merit in this insistence. The purchaser was not mistaken or disappointed in re-

spect to the improvements. The residence and out-houses were seen by him, and he concedes in his testimony that they had a considerable value. The failure to get some of the land he bought must therefore have reference to the portion on which the improvements were not located, and the true criterion of abatement is not the ratio of the quantities, represented and real.

Perhaps the leading case on this point is that of *Hill* v. *Buckley,* 17 Ves. Jr., 394, 34 Eng. Reprint, 153, in which it appeared that the quantity of land conveyed was two hundred and seventeen acres, while in fact there was not that much by about twenty-six acres. A part of the land was woodland, and a part waste land of considerably less value. All of the woodland was comprehended, so that the purchaser got all of its value. The mistake, therefore, affected the waste land. The Master of the Rolls said:

"But there is a difficulty in this case from the nature of the mistake, which must have influenced the vendors in their estimate of the price in a manner that, if a reasonable abatement were now to be decreed, it would be extremely disadvantageous to them; for though they believed they had two hundred and seventeen acres to give to the purchaser, and must be supposed to have asked a price in proportion, yet they did not believe that it was all woodland. They imagined that twenty-eight acres consisted only of hedges and fences, and other waste. They could not certainly set the same value upon

that, though perhaps it was considered of some value, as upon land covered with wood of mature growth; therefore by a ratable abatement from the purchase money it is clear they must allow the purchaser more than they would have received from him, and consequently they would be compelled to accept less than it was ever in their contemplation to take. . . . The abatement is to be only so much as soil, covered with wood, would be worth, after deducting the value of the wood.''

In *Stow* v. *Bozeman,* 29 Ala., 397, there was a lack of one hundred acres out of six hundred and forty, but on the land conveyed was a valuable ferry. The court said that, inasmuch as the purchaser obtained all in the way of benefit from the ferry that was contemplated in the contract, he must be compensated for the deficiency in the quantity of land by ascertaining the average value without reference to such benefit; or, in other words, the average value of the lands must be ascertained upon the hypothesis of the absence of the ferry, and that average value must be multiplied by the number of acres of the deficiency.

In *Wilcoxon* v. *Calloway,* 67 N. C., 463, citing *Hill* v. *Buckley, supra,* it was said:

''It is not the general rule that the abatement shall be in the proportion of the deficient quantity to the quantity represented. Such a rule would in many cases be plainly unjust. . . . Take the case of a contract to convey a definite tract, represented as

containing one hundred acres, which runs out sixty-six acres only, if there were buildings or other things of value upon the tract, it would not be fair to calculate the value of the deficient acres by an average, obtained by dividing the price agreed to be paid by the number of acres agreed to be conveyed, because the purchaser has got the land upon which were the things which give it a peculiar value, and would not have got them over again had the quantity held out as represented."

See, also, *Hoback* v. *Kilgores,* 26 Grat. (Va.), 442, 21 Am. Rep., 317; 39 Cyc., 1594.

The governing principle may be seen in sharper outline in an illustration wherein the acreage is diminished: Assume a parcel of ten acres in the suburbs of one of our cities to be the subject-matter of sale, and that on the same there be situated a residence of value of $20,000, and that for the parcel, including the house, the sum of $25,000 be paid. Could it be maintained as equitable that, on ascertaining later a deficiency of two acres, the abatement sum should be fixed at $5,000, and not $1,000?

In determining the amount of the abatement, the value of the improvements should be fixed, of course, as of the date of the sale in their condition at that time; but boundary fences should not be considered for obvious reasons.

The court of civil appeals was of opinion that the chancellor erred in fixing the abatement sum, but itself erred in the following respect: The resi-

dence on the tract was destroyed by fire between the date of the sale and the bringing of suit, and the purchaser realized $750 from a fire insurance policy. Notwithstanding the proof indicates that the residence was of a greater value not to mention other improvement, the court of civil appeals deducted only the amount of such insurance from the consideration sum before making a division for average value.

The proper decree is one for a reference to the master to take proof and report the value of the improvements, as outlined above.

Granting a writ of *certiorari,* we direct that the decree of the court of civil appeals be modified accordingly, and that the cause be remanded to the chancery court for the purpose indicated. Appellee will pay two-thirds of the costs of the appeal.