Argued October 16, affirmed November 20, 1923, motion to retax costs denied January 22, 1924.

## E. G. LICHTENTHALER *v.* R. H. CLOW and LINNIE CLOW.

### (220 Pac. 567.)

**Fraud—Purchaser's Damages for Misrepresentation as to Acreage Stated.**

1. Where vendor misrepresents the quantity of land sold, if it was sold at a fixed price per acre, purchaser's damages are measured by ascertaining the number of acres deficient and then multiplying the number by the amount fixed to be paid for each acre.

**Fraud—Damages must be Compensatory Only and not Speculative.**

2. Damages must be compensatory, not speculative, and, where vendor misrepresented the quantity of land sold, purchaser is entitled to be made whole but to nothing more.

**Fraud—Measure of Damages for Vendor's Misrepresentation as to Acreage, Where Land had Valuable Improvements, Stated.**

3. In purchaser's action against vendor for misrepresentation as to acreage within definite boundary, where the land was sold for a gross sum and had valuable improvements thereon, the purchaser's damages were not measured by such proportion of the purchase price as the deficiency bore to the represented area, but by such proportion of the value of the land without the improvements, considering both land and improvements as worth the purchase price, with allowance for any impairment in value of what was received, if shown.

Fraud—Vendor not Precluded from Complaining of Measure of Damages for Misrepresentation as to Acreage Because not Showing Value of Improvements.

4. Where improvements were part of the premises conveyed for gross sum, and purchaser in suit against vendor gave evidence in his own behalf of such improvements, the burden then rested on him to show the facts from which the damages could be measured, and vendors were not precluded from complaining of the measure of damages because they had not pleaded or proved the value of the improvements.

Fraud—Pleadings Held not to Permit Consideration of Personal Property in Measuring Damages from Misrepresentation as to Acreage.

5. Where the complaint, in an action for damages for vendor's misrepresentation as to acreage of land sold, alleged, and the answer admitted, that a specified price was paid for the land, personal property included in the sale cannot be considered in measuring the damages.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

This is an action for damages resulting from fraudulent representations concerning the number of acres in a tract of improved land sold by the defendants R. H. Clow and Linnie Clow to the plaintiff E. G. Lichtenthaler. For the price of $6,000 the defendants conveyed to the plaintiff certain "lands and premises." The boundaries of the described land were irregular. The plaintiff avers that the defendants fraudulently represented that there were twenty acres within the area described in the conveyance, when in truth the described area embraced only fourteen acres. The plaintiff alleges that the "reasonable and proportional value" of the "six acres so short" was and is $1,800; and he therefore demanded judgment for that amount.

The jury returned a verdict for the plaintiff in the sum of $1,200; and judgment was entered on the verdict. The defendants moved for a new trial on the ground that the court had refused to give an

instruction requested by the defendants and instead gave an erroneous instruction as to the measure of damages. The trial court allowed the motion, and from the order setting aside the verdict and judgment and granting a new trial the plaintiff appealed.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Fred E. Smith.*

For respondents there was a brief over the name of *Messrs. Smith & Bryson,* with an oral argument by *Mr. E. R. Bryson.*

HARRIS, J.—The following was the instruction given by the court:

"I instruct you if you find that the plaintiff is entitled to recover, the measure of damages would be such proportion of the purchase price, which in this case would be six thousand dollars, as the deficiency bears to the represented area. In other words, the measure of damages is the amount paid for the deficiency, irrespective of the real value of the tract actually conveyed."

The bill of exceptions is in the short form, and, although brief, it contains all the evidence necessary for presenting the question as to whether or not the instruction was erroneous. The plaintiff testified as a witness in his own behalf. He identified exhibit "B," the contract of sale pursuant to which the conveyance was made, and exhibit "C," the deed delivered to him. On his cross-examination he further testified that there was a spring on the land, the waters of which were piped to the house on the premises, and that there was hot and cold water in the house; that the house was 30x32 feet in size, with seven rooms, and a bathroom which was not en-

tirely finished; that there was a barn on the place, a small orchard, a small shop, a woodshed, a henhouse and a potato cellar.

The defendant R. H. Clow testified in effect on direct examination that there was a nice big house on the place, a billiard-room, a billiard-table and other improvements. No evidence was offered or received on behalf of either the plaintiff or the defendants concerning the value of any personal property described in exhibit "B," or concerning the value of the land or of the improvements thereon.

Both parties having rested, the defendants requested the court to instruct the jury that their verdict, in the event they found for the plaintiff, could not be for more than a nominal amount of damages.

Exhibit "B," the contract of sale, obliged the defendants to convey "the following described premises * * containing 20 acres of land more or less"; and the plaintiff "in consideration of the premises" agreed to pay the defendants $6,000. The defendants also agreed to deliver possession on or before a specified date,

"and to convey all title and interest in and to the following described personal property, now located on said premises, to wit: 1 plow, 1 harrow, 1 cider mill, 1 mower, rake wagon, pitch forks, hose, shovels, telephone, mattock, double set harness, spray pump, grind stone, wheel barrow, one horse cultivator, billiard table, balls and cues."

The description in the deed concludes by declaring that the described premises contain "20 acres more or less." The deed, however, makes no reference to the personal property.

Although we have directed attention to certain language in the deed, including the language "20 acres

more or less," it must be remembered that the complaint is not based solely upon the fact of the presence of this language in the deed plus the fact of the shortage; but the complaint is based upon the further fact that the defendants made affirmative declarations which were fraudulent. Assuming, as we must, that the jury followed the instructions of the court, we must proceed on the assumption that the following are the facts: (1) The defendants misrepresented the quantity of the land embraced in the described area; and (2) the shortage amounts to four acres. From these facts it is manifest that the plaintiff is entitled to a rebate of part of the price paid for the property received by him. The question for decison is: How is the amount of the rebate to be determined?

The different jurisdictions are not in harmony as to the proper measure of damages to be applied in all actions brought by defrauded vendees against vendors. While in some jurisdictions language used in fixing the measure of damages is so broad and comprehensive as to seem to be intended to be made applicable to all cases of fraudulent representations, yet in most jurisdictions the measure to be applied is, at least to some extent, dependent upon what the misrepresentation is made about: Note in 8 L. R. A. (N. S.) 804. There is a sharp conflict of opinion between the courts as to some classes of misrepresentations; but as to other classes there may be a substantial harmony of opinion, or if as to some kinds of misrepresentations there be any contrariety in the judicial views, the differences may not be very marked. Cases dealing with misrepresentations concerning quantity, condition and value are, on the

109 Or.—25

question of measurement of damages, divided into two classes: (1) those which measure the damages by ascertaining the difference between the actual value of the property received and its value if it had been as it was represented to be; and (2) those which measure the damages by ascertaining the difference between the actual value of the property and the amount paid for it: See *Van de Wiele* v. *Garbade,* 60 Or. 585, 591 (120 Pac. 752); *Zobrist* v. *Estes,* 65 Or. 573, 578 (133 Pac. 644); *Benson* v. *Murton,* 66 Or. 199 (133 Pac. 340, 1189); *Robertson* v. *Frey,* 72 Or. 599, 604 (144 Pac. 128); *Caples* v. *Morgan,* 81 Or. 692, 704 (160 Pac. 1154, L. R. A. 1917B, 760); *Purdy* v. *Underwood,* 87 Or. 56, 62 (169 Pac. 536).

There is also a short conflict of opinion between the cases dealing with misrepresentations concerning the identity and location of real estate. When the misrepresentations relate to title or encumbrances the courts appear to be in substantial harmony as to the rule for measuring damages. When the misrepresentations relate to quantity, the rule applied is not always the same; for it will be found upon an examination of the precedents that the rule of measurement is dependent upon the facts of the case. It must be borne in mind, too, that there are inherent differences between a situation where the location of a boundary has been misrepresented and one where the misrepresentation relates to the quantity within boundaries which are acknowledged to have been correctly pointed out. It must, therefore, be remembered that the instant case is one involving a misrepresentation concerning quantity and nothing else, and that this kind of misrepresentation is not necessarily governed by whatever

rule governs one or more other kinds of misrepresentation.

1. Cases dealing with misrepresentations concerning the quantity of land sold are of two classes: (1) Those where the sale is made at a fixed price per acre; and (2) those where the sale is for a gross price. If land is sold at a fixed price per acre the damages are measured by ascertaining the number of deficient acres and then multiplying that number by the amount fixed as the price to be paid for each acre.

When the land is sold at an agreed price per acre it ordinarily makes no difference whether the land is improved or otherwise, and the proportional rule of measurement is generally, and in the absence of exceptional circumstances, applied both to cases where the land is without improvements and also to cases where the land has improvements on it. If A agrees to pay B $10 per acre for a tract represented by B to contain ten acres, when in truth it contains only eight acres, and A pays B $100 for the tract, A has paid B for two acres which he did not receive, and he has indubitably paid $20 for those two acres which he did not receive; and therefore that amount is the measure of A's damages. The parties themselves have by a price agreed upon by them furnished the exact and dependable rule of measurement. They have solemnly agreed that the land was worth $10 per acre; and having so agreed, neither party can, except possibly in exceptional circumstances, in fairness question the correctness of the price fixed as the value: *Lenoch* v. *Yoss,* 157 Iowa, 314, 316 (136 N. W. 542).

2, 3. If, however, the sale is for a gross sum and is not for a fixed price per acre the rule for measuring

the damages vary, depending upon whether the land does or does not have valuable improvements, or upon whether the character of the land varies materially. If the land is without improvements and the different portions are of equal or substantially equal value, then the proportional rule is one which is applied by nearly all, if not by all the courts; and this court applied this rule in a case where such was the fact situation: *Cawston* v. *Sturgis,* 29 Or. 331, 336 (43 Pac. 656). Counsel have not called to our attention a single reported decision, nor have we been able to discover one, where the proportional rule was applied to a controversy involving land which was sold for a gross price and valuable improvements were on a part of the land. Gross injustice would frequently if not usually result from the application of such a rule. If A owns a tract of land worth $100 per acre and on one acre of it are improvements worth $10,000, and if B pays $11,000 for the tract relying upon A's representation that the tract contains ten acres when in truth it contains only five acres, obviously in such a case it would be grossly unjust to allow B a rebate of $5,500 when he has actually received improvements worth $10,000 and land worth $500. In the final analysis under the proportional rule B has paid A $5,500 for property worth $10,500 with the result that the purchaser is given a better bargain than he contemplated: *Hill* v. *Buckley,* 17 Ves. Jr. 394 (11 Rev. Rep. 109, 34 Eng. Reprint, 153). The courts reject the proportional rule when valuable improvements are on lands sold for a gross price: *Patton* v. *Schneider,* 23 Ky. Law Rep. 2190 (66 S. W. 1003); *Sprague* v. *Griffin,* 22 App. Div. 223 (47 N. Y. Supp. 857); *Tinsley* v. *Hearn,* 136 Tenn. 586 (191 S. W. 127); *Hoback* v.

*Kilgores,* 26 Gratt. (Va.) 442 (21 Am. Rep. 317);
*Stow* v. *Bozeman,* 29 Ala. 397; *Fall* v. *McCurdy,* 3
Met. (Ky.) 364; *Heaton* v. *Timmons,* 15 Ky. Law
Rep. 62, *Marbury* v. *Stonestreet,* 1 Md. 147; *Wil-
coxon* v. *Caloway,* 67 N. C. 463; *Chandler* v. *Geraty,*
5 S. C. 501; *Nichols* v. *Cooper,* 2 W. Va. 347. See,
also, *Lenoch* v. *Yoss,* 157 Iowa, 314, 316 (136 N. W.
542); *Mills* v. *Kampfe,* 202 N. Y. 46, 52 (94 N. E.
1072); *Logwood* v. *Holland,* 131 Va. 186 (108 S. E.
571. 574).

Where part of the land has valuable improvements
on it, "there is," as said in *Hankins* v. *Majors,* 56
Neb. 299, 300 (76 N. W. 544, 545), "no legal pre-
sumption that the value of the land varies in the exact
ratio of its quantity."

Compensation is the end which the law strives to
attain, and consequently damages must be compensa-
tory and not speculative. Any rule submitted for
the measurement of damages is to be commended
only to the extent that it accomplishes the object of
the law. The defrauded party is entitled to be made
whole, if that result can be accomplished but he is
not entitled to more: *Rainier* v. *Masters,* 79 Or. 534,
539 (154 Pac. 426, 155 Pac. 1197, L. R. A. 1916E,
1175).

Although all the courts reject the proportional
rule when the land has on it valuable improvements,
all of them do not attempt to describe a definite rule
for the measurement of damages. Some of the courts
go no further than to say that the improvements
should be taken into consideration in determining the
damages, but as already stated they do not always
prescribe a definite formula by which to determine
the extent of the damages. There are courts and

text-writers of recognized authority who have approved a rule which seems to find its origin in and is based upon the opinion delivered in *Hill* v. *Buckley*, 17 Ves. Jr. 394 (11 Rev. Rep. 109, 34 Eng. Reprint, 153), decided in 1811. In that case it appeared that the quantity of land conveyed was 217 acres while there was a shortage of about twenty-six acres. A part of the land was woodland and a part was waste land of considerably less value. The purchaser received all the woodland and therefore received all its value. The deficiency affected the waste land. The Master of the Rolls said:

"But there is a difficulty in this case from the nature of the mistake; which must have influenced the vendors in their estimate of the price in a manner, that, if a ratable abatement were now to be decreed, would be extremely disadvantageous to them; for though they believed, they had two hundred and seventeen acres to give to the purchaser, and must be supposed to have asked a price in proportion, yet they did not believe, that it was all woodland. They imagined, that twenty-eight acres consisted only of hedges and fences, and other waste. They could not certainly set the same value upon that, though perhaps it was considered of some value, as upon land, covered with wood of matured growth; therefore, by a ratable abatement from the purchase-money it is clear they must allow to the purchaser much more than they would have received from him; and consequently they would be compelled to accept less than it was ever in their contemplation to take. * * He is therefore entitled to some abatement; as they gave him reason to believe, that he was to obtain two hundred and seventeen acres of soil; but the abatement is to be only so much as soil, covered with wood, would be worth, after deducting the value of the wood."

In *Hoback* v. *Kilgores,* 26 Gratt. (Va.) 442, 444 (21 Am. Rep. 317), the court said:

"The just and true measure of compensation is according to the average value of the land without the improvements, considering both together to be worth the contract price of fourteen hundred dollars, estimating the quantity of the land, as the parties did, at one hundred and twenty-seven and a half acres."

In 27 R. C. L. 435, the author, citing *Hoback* v. *Kilgores,* as authority, states the rule thus:

"If, however, the land contains valuable improvements the allowance should be according to the average value of the land without the improvements, taking the price paid for the land with the improvements as the true value of both together."

In 2 Sutherland on Damages (4 ed.), Section 590, at page 2049, the author approves the rule applied in *Hoback* v. *Kilgores,* because, citing that precedent as his authority, he states the rule in the following language:

"If the improvements on the land are valuable, bearing a large proportion to its value, the average value of the land without them, considering both to be worth the contract price, and estimating the quantity of land as the parties did, will equitably adjust their rights."

The rule prescribed by *Hoback* v. *Kilgores* was followed in *Stow* v. *Bozeman,* 29 Ala. 397, and in *Tinsley* v. *Hearn,* 136 Tenn. 586 (191 S. W. 127).

In the instant case it is plain from the mere statement of the facts that the improvements constituted a very considerable portion of the value of the property received and that the rule prescribed by the trial court and followed by the jury is not a just rule.

In the case of a misrepresented boundary, the land, which though outside of the true boundary is nevertheless inside of the misrepresented boundary, is a definite, visible, known and tangible area, and its value whether standing alone or taken in connection with the land within the true boundary can be determined with a fair degree of certainty; but in the case of a misrepresented quantity within the correctly pointed out and designated boundaries an attempt to determine the value of the deficiency may sometimes be difficult, for in that situation the attempt is an attempt to value a nonexistent. The value cannot be fixed by ascertaining the worth of contiguous land outside of the boundaries, because the vendor was not attempting to sell and the vendee knew that he was not purchasing those lands. In the case of misrepresented quantities the parties have in contemplation the identical land sold by one and purchased by the other, and the loss to the purchaser results from the fact that the area which he knew he was buying and in truth received is less in quantity than was represented to him. In the instant case the plaintiff received all the improvements contemplated by the parties, and also the entire quantity of land contemplated by the plaintiff except four acres, the deficiency found by the jury. Clearly, the plaintiff is at least entitled to compensation for that deficiency. In our view no better rule can be devised for determining the minimum loss sustained by the purchaser than is offered by the formula in *Hoback* v. *Kilgores*. Presumptively land is worth something; and the defrauded purchaser is at all events entitled to that "something," whether it be large or small, for every acre of deficiency. In other words, the minimum to be allowed to the purchaser

is whatever sum may be measured out to him under the rule prescribed in *Hoback* v. *Kilgores.*

In many and possibly in most instances this rule of measurement will afford complete compensation; because the acres actually received will usually be worth just as much per acre as they would have been if combined with an area equal to the deficiency; and the improvements actually received will usually be worth just as much when used in connection with the acres actually received as when used in connection with an area of the same kind of land equal in quantity to the acres actually received plus the deficiency. However, because of the peculiar attending circumstances, it may sometimes happen that the very fact of the deficiency will materially impair the value of the acres and improvements actually received. We cannot determine from the record presented to us whether such peculiar circumstances do or do not exist in the instant case. If they do exist they may be taken into consideration by the jury and the damages may be added to the minimum to which the plaintiff is at least entitled. It is incumbent upon the plaintiff to show the existence of such facts if they do exist.

4. The plaintiff argues that the defendants are by the pleadings precluded from complaining about the court's instructions. The complaint alleges that the defendants sold to the plaintiff and by their deed conveyed to him, as shown by a copy of the deed attached to the complaint, "the lands and premises therein described." These allegations are admitted by the defendants in their answer. The plaintiff says that the pleadings are silent upon the subject of improvements; and he argues that it devolved upon the defendants to allege and improve the existence and

value of the improvements, on the theory that to do so is to mitigate the damages. The matter of the improvements does not involve a confession of damages measured under the proportional rule and a *pro tanto* avoidance by showing the extent and value of the improvements which entered into the sale. If the matter of improvements did involve a confession and a *pro tanto* avoidance, it would, of course, devolve upon the defendants to allege the improvements and prove their value. But the improvements were a part of the premises conveyed by the defendants; and not only the terminology of the deed but the terminology of the complaint includes improvements. The plaintiff himself by his own testimony given in his own behalf proved the existence of valuable improvements which necessarily entered into the agreement as to price: See *State* v. *Naylor,* 77 Or. 189, 193 (150 Pac. 860). One of the defendants supplemented the evidence of the plaintiff. It is, therefore, a fact admitted by all the parties that the improvements mentioned were on the land actually received by the plaintiff.

The moment the existence of the improvements was shown, that moment the proportional rule became unavailable as a measure of damages, and it then devolved upon the plaintiff to show a situation to which some rule of measurement could be properly applied. If the record contained nothing showing improvements, then it could be said that the situation shown was one where the proportional rule was applicable, because the proportional rule requires no information except the price, the acreage represented to be in the area, and the acreage actually received; but the moment the situation is changed by showing improvements, that moment the proportional rule

ceases to be available and another rule must be applied; and before the other rule can be applied the facts necessary for the application of that rule must be shown; and it devolved upon the plaintiff to show such necessary facts for the application of the proper rule of measurement, just as it devolves upon the plaintiff to show whatever facts may be necessary properly to apply a rule of measurement in an action for the conversion of property or in any action for damages: *Wuest* v. *Moehrig,* 24 Tex. Civ. App. 124 (57 S. W. 864).

5. The defendants contend that the items of personal property specified in exhibit ''B'' should be taken into consideration. This contention must fail so long as the pleadings remain in their present form. No reference is made in any of the pleadings to the personal property. The complaint in substance avers that the real property was purchased for $6,000; and the defendants admit this averment.

The plaintiff admits that in no event can the personal property be permitted to enter into the calculation. This contention is based upon the notion that every stipulation in the agreement of sale became merged in the deed. This contention is answered by the opinion rendered this day in *Van Hee* v. *Rickman, ante,* p. 357 (220 Pac. 143).

The order granting a new trial is affirmed.

Affirmed.

McBride, C. J., and Rand, J., concur.

Burnett, J., took no part in the decision of this case.