Seymour A. Fisher, Appellant, v. Carl R. Zimmer, Sr., et al., Respondents.—

Foster, P. J., Bergan, Halpern and Zeller, JJ., concur; Coon, J., dissents in the following memorandum: I dissent and vote to reverse the judgment for defendants on their counterclaim and to dismiss the counterclaim. The defendants purchased for a lump sum the entire farming operation of the plaintiff, including the farm, stock, crops and tools. No price per acre was mentioned. The boundaries of the farm were shown to defendants correctly. Defendant, Carl R. Zimmer, spent nearly an entire day examining the premises and looking at the fields which made up the premises. He received exactly what he saw, and made no complaint about a shortage in acreage until the shortage was called to his attention about four years later. While defendants testified that plaintiff told them the farm contained approximately 101 acres (actually it contained 88½ acres), they subsequently signed a written contract which identified the farm but did not specify the number of acres. Concededly there was no intentional fraud. I think this is a classic example of a bulk sale of the premises and personal property, as viewed, and that an allowance for deficiency in quantity was not warranted. (*Johnson* v. *Taber,* 10 N. Y. 319; *Hunt* v. *Wall,* 211 App. Div. 856, affd. 240 N. Y. 696; *Moffett* v. *Jaffe,* 132 App. Div. 7; *Ireland* v. *Baylis,* 188 App. Div. 981.)