Carroll M. Roberts, J.
On April 18, 1950 the plaintiff conveyed certain premises in Tates County to the defendant, Clark F. Bonnette, and his wife, Leah M. Bonnette, now deceased. As part of the consideration for said conveyance the purchasers executed and delivered to the plaintiff their purchase-money bond and mortgage in the sum of $3,000. On December 18, 1951 the defendant, Clark F. Bonnette, and his wife conveyed said premises to the defendant, Jeanne M. Wood, who assumed and agreed to pay plaintiff’s mortgage. On January 15, 1953 *524 the defendant, Jeanne M. Wood, conveyed said premises to the defendant, Walter Wood, and herself, as tenants by the entirety.
The plaintiff, alleging certain defaults under said bond and mortgage, has instituted this foreclosure action. The present owners of the property, defendants Walter Wood and Jeanne M. Wood, together with the defendant, Clark F. Bonnette, have interposed an answer in this action in which they plead two partial defenses and a counterclaim. This is a motion by plaintiff to strike out said defenses and counterclaim.
The first partial defense and the counterclaim are both based upon an alleged discrepancy in the number of acres in the conveyance from plaintiff to the defendant, Clark F. Bonnette, and wife. It is claimed that the deed called for 110 acres, whereas in fact only 90 acres were conveyed. The first partial defense is, however, based upon an alleged breach of the covenant or warranty that the premises contained 110 acres, whereas the counterclaim sets forth a cause of action in equity for a reformation of the deed and mortgage and abatement of the. purchase price based upon a mutual mistake of fact as to the number of acres contained in the parcel conveyed.
The deed from the plaintiff to the Bonnettes described the land by bounds, and then contained the statement “ Containing about 110 acres of land ”. It is well recognized that a deed containing a statement of the number of acres following a description of the land as embraced within certain boundaries, does not amount to a covenant that the land contains such acreage. (Paine v. Upton, 87 N. Y. 327, 334; Mann v. Pearson, 2 Johns. 37; 21 C. J. S., Covenants, § 16, p. 893.) As the deed in question did not amount to a covenant or a warranty that the parcel conveyed contained 110 acres, no cause of action will lie predicated upon an alleged breach of such covenant or warranty. The first partial defense pleaded in the answer of the defendants is therefore insufficient.
Even after the consummation of a conveyance and the payment of the purchase price, a court of equity will grant relief to a purchaser based upon a mutual mistake of fact as to the quantity of the land conveyed. Accepting, as we must, the correctness of the allegations in said counterclaim, it states a good cause of action so far as the defendant Bonnette is concerned. (Paine v. Upton, 87 N. Y. 327, supra; Mills v. Kampfe, 202 N. Y. 46; Firenzo v. Baxter, 267 App. Div. 799.) The grantee’s cause of action arises by reason of the conveyance to him and accrues when the shortage of acreage is discovered. Such cause of action is not defeated by reason *525 of a subsequent conveyance to another or by reason of the fact that his grantee may have assumed payment of the mortgage which was given as part of the original purchase price.
A different situation pertains as to the defendants, Walter Wood and Jeanne M. Wood. There was no privity of contract between the plaintiff and these defendants and no transaction between them in which any mutual mistake of fact could arise. Purchasers of land, even where they assume an existing mortgage, cannot plead as a defense to the foreclosure of that mortgage any shortage of acreage in the conveyance between the mortgagee and the mortgagor because there is no privity of contract between such subsequent purchasers and the mortgagee. (Davis v. Clark, 33 N. J. Eq. 579; 3 Jones on Mortgages [8th ed.], § 1910; 59 C. J. S., Mortgages, § 512, subd. [4], p. 838.)
The second partial defense is a defense of payment. The complaint alleges that the balance of principal unpaid on the mortgage is $2,382. The partial defense in the answer alleges the amount which has been paid and that the balance of unpaid principal is in the sum of $2,104. In a foreclosure action, payment is a defense which must be pleaded. (Redmond v. Hughes, 151 App. Div. 99; Walsh v. Gray, 214 App. Div. 296; Lion Brewery v. Loughran, 223 App. Div. 623.) The defense pleaded is therefore proper as a partial defense.
Motion is granted as to the first partial defense and as to the counterclaim insofar as it is asserted by the defendants, Walter Wood and Jeanne M. Wood, and otherwise it is denied.