■ THOMAS SHUFELT, Respondent, v MARIA BULFAMANTE et al., Appellants. [940 NYS2d 108]—

The plaintiff established, prima facie, that the defendant Maria Bulfamante (hereinafter Maria) was in default under the subject mortgage note by demonstrating the existence of the note, the execution thereof by Maria, and Maria's failure to make timely repayments thereunder. In opposition to the plaintiff's showing, the defendants failed to raise a triable issue of fact. Moreover, the existence of a dispute as to the exact amount owed by Maria to the plaintiff does not preclude the award of summary judgment to the plaintiff on the issue of foreclosure (*see Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn*, 222 AD2d 659 [1995]). Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of foreclosure, dismissing the first and third affirmative defenses and the counterclaims, all of which challenged the plaintiff's right to foreclosure, and dismissing so much of the second and fourth affirmative defenses as challenged the plaintiff's right to foreclosure.

Nonetheless, as the Court of Appeals explained in *Paine v Upton* (87 NY 327 [1882]), a purchase-money mortgagor, such as Maria, is entitled to "an abatement from the bond and mortgage given for the purchase-money, proportionate to the deficiency of acreage" actually transferred to him or her by the purchase-money mortgagee, as contrasted with the acreage purportedly transferred (*Paine v Upton*, 87 NY at 331; *see Mills v Kampfe*, 202 NY 46 [1911]; *Belknap v Sealey*, 14 NY 143 [1856]; *Shay v Mitchell*, 50 AD2d 404 [1976], *affd* 40 NY2d 1040 [1976]; *Fisher v Zimmer*, 286 App Div 1129 [1955], *affd* 1 NY2d

721 [1956]; *Firenzo v Baxter,* 267 App Div 799 [1943]; *Rose v Wood,* 7 Misc 2d 523 [1957]; 92 CJS, Vendor and Purchaser § 71). As reflected in a rider to the contract at issue on the instant appeal, the sale here was expressly made on a "per acre" basis (*see generally* E.H. Schopler, Annotation, *Relief, by Way of Rescission or Adjustment of Purchase Price, for Mutual Mistake as to Quantity of Land, Where Contract of Sale Fixes Compensation at a Specified Rate Per Acre or Other Area Unit,* 153 ALR 4; C.T. Drechsler, Annotation, *Relief by Way of Rescission or Adjustment of Purchase Price for Mutual Mistake as to Quantity of Land, Where the Sale is in Gross,* 1 ALR2d 9; Annotation, *Measure and Elements of Damages Recoverable from Vendor Where There has been Mistake as to Amount of Land Conveyed,* 94 ALR3d 1091; 91 NY Jur 2d, Real Property Sales and Exchanges § 38). Specifically, pursuant to the terms of the underlying contract of sale, the purchase price paid by Maria was at the per-acre rate of $1,800. Maria paid the total sum of $180,000 to the plaintiff, reflecting the parties' understanding that 100 acres of real property were to be transferred. Maria paid the sum of $50,000 in cash to the plaintiff and, upon the transfer of the acreage, the plaintiff took back a purchase-money mortgage from Maria in the face amount of $130,000. The parcel actually transferred, however, comprised only 93.67 acres, a deficiency of 6.33 acres, representing 6.33% of the total face amount of the purchase-money mortgage.

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law with respect to the issue of whether Maria was entitled to a reduction in the amount due under the mortgage note. Accordingly, regardless of the sufficiency of the defendants' opposition, the Supreme Court should not have granted those branches of the plaintiff's motion which were for summary judgment dismissing so much of the second and fourth affirmative defenses as alleged that Maria is entitled to an adjustment in the amount due under the disputed mortgage note, but should have denied those branches of the motion. Further, upon searching the record, we conclude, as a matter of law, that the contract of sale was made on a "per acre" basis, that the parties intended that 100 acres of real property were to be transferred pursuant to the contract of sale, that only 93.67 acres were actually transferred, and that the mortgage note is only applicable to 93.67 acres of real property. Consequently, we award summary judgment to Maria on so much of the second and fourth affirmative defenses as sought an adjustment in her favor to the extent of reducing her obligation pursuant to the face amount of the mortgage note by 6.33%. Accordingly, the matter must be remitted to the Supreme Court, Dutchess

County, for the recalculation of the dollar amount of her obligation under the mortgage note after reducing the face amount of the obligation by 6.33% and crediting any overpayments that may have been made and, inter alia, the entry of an appropriate judgment of foreclosure and deficiency judgment thereafter. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.