[No. 11393.   Department Two.   January 23, 1914.]

## W. H. LAMB, *Respondent*, v. LEWIS LEVY, *Appellant.*[1]

FRAUD—MISREPRESENTATIONS—LOCATION OF PROPERTY—EVIDENCE—
SUFFICIENCY. A verdict for damages for fraud is sustained where
it appears that plaintiff and defendant were friends, and plaintiff
was induced to trade store fixtures and goods worth $300 for de-
fendant's lot, on defendant's false representations that the lot was
located close to the Tacoma tide flats, and worth $300, when in fact
it was two miles from that location and of no value and plaintiff
was unable to make any investigation except to inquire the value of
lots in the location described.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered June 27, 1913, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
in tort. Affirmed.

*Chas. M. Fouts*, for appellant.

*Thomas J. Casey*, for respondent.

MOUNT, J.—The plaintiff brought this action to recover
damages on account of alleged false and fraudulent repre-
sentations, made to him by the defendant, which representa-
tions were relied and acted upon.

The cause was tried to the court and a jury. A verdict
was returned in favor of the plaintiff. A judgment was en-
tered upon this verdict, and the defendant has appealed.

The argument in the brief of the appellant is based upon
the ground that the court erred in refusing to take the case
from the jury and direct a verdict in favor of the appellant.
In view of the fact that the jury found in favor of the re-
spondent, we must assume that the facts as testified to by
him are correct.

It appears therefrom that, in April, 1911, the respondent
was the owner of a small store and fixtures and stock of con-
fectionery goods, in the city of Seattle. This store was worth

[1]Reported in 137 Pac. 1024.

$300, for which amount the respondent had offered to sell it. The appellant and the respondent had been personal friends for several years. At about the date above stated, the parties met, and the respondent told the appellant that he was endeavoring to sell his store for $300. Whereupon the appellant said to the respondent, "Let me deal with you. I will give you a good deal; one that you can rely on. It is a lot close in to the tide flats in Tacoma." The respondent said, "What is your lot worth?" To which the appellant answered, "$300, the same as your store . . . I will give you a good deal to a big lot. Furthermore I will give you writings to the effect that it is worth $300." The respondent testified that, relying on these statements and believing the appellant to be an honest, upright man, he took the writing and said, "Well and good, the deal is made."

On the same day or the next, the respondent met a friend who was engaged in the real estate business, and told him of the trade he had made with the appellant, and asked him if he knew the value of the lot. This friend said to the respondent in substance, that if the lot was where it was represented to be, in the tide flats of Tacoma, it was worth from $600 to $1,000.

On the next day, the respondent received a deed from the appellant, and surrendered to him the writing, which had theretofore been given. The respondent afterwards learned that the lot was of no value, or practically of no value; that it was not located in or near the tide flats in Tacoma, but was located many miles from Tacoma and at least two miles from the tide flats; that it was rough, covered with brush, inaccessible by road or otherwise, and could not be located except with the assistance of a surveyor. When the respondent learned these facts, he tendered the deed back to the appellant, which he refused to accept. Thereupon this action was brought.

The substance of the appellant's argument is that, inasmuch as the only allegation of fraud was misrepresentation as

to the value, and inasmuch as the respondent inquired of a friend as to the value, that therefore he did not rely upon the representation as to value, and for that reason the action should be dismissed. But as we have seen above, the appellant represented that the lot was worth $300; that it was located close in to the tide flats in Tacoma. The location of the lot was the principal part of its value. The respondent testified that he had no means of investigating the location of the lot, and that he did not investigate its location, but relied wholly upon the statements of the appellant. The respondent simply stated to a friend where the location was, as represented by the appellant, and asked its value. The friend told the respondent, if it was in that locality, the lot was worth between $600 and $1,000. It was not in that locality, and it was not located where it could be of any substantial value. We think the case was clearly one for the jury. In *Grant v. Huschke*, 74 Wash. 257, 133 Pac. 447, this court said:

"Representations, as of his own knowledge, of material and inducing facts susceptible of knowledge, made by a vendor in ignorance of the facts, but with the knowledge that the vendee is relying upon the representations as true and under circumstances reasonably excusing the vendee from investigating for himself, are actionable on the part of a vendee so relying to his injury. In such a case, the fraud of the vendor consists in representing as true, with knowledge that it is being relied upon as true, that which he did not know to be true. This rule is supported by the trend of modern authority and has been consistently adhered to by this court." [Citing a number of cases.]

Under this rule, we are satisfied that, if the evidence of the respondent was true, as the jury undoubtedly found, he was justified in relying upon the representations of his friend.

The judgment is therefore affirmed.

CROW, C. J., FULLERTON, MORRIS, and PARKER, JJ., concur.