Argued September 24, affirmed October 20, 1914.

# ROBERTSON v. FREY.

(144 Pac. 128.)

**Fraud—Action—Pleading.**

1. A complaint *held* sufficient to state a cause of action for fraud and deceit, treating as surplusage allegations that plaintiff demanded a rescission, offered a quitclaim deed to defendant, and requested a payment of the value of the land involved.

**Fraud—Actions—Pleading.**

2. In an action for deceit, it must be alleged that the representations were false, that the defendant knew them to be false, that they were made with intent to defraud, and that the plaintiff, relying thereon, was induced to enter into the contract.

**Fraud—Elements—Statements Recklessly Made—Reliance on Representations.**

3. Misrepresentations of material matters recklessly made as of one's own knowledge, without knowing whether they are true or not, render the maker liable to one who relies and acts thereon to his injury.

[As to action to recover for false representations, see note in 18 Am. St. Rep. 555.]

**Fraud—Fraudulent Representations—Nature in General.**

4. If land contracted for is at a distance, or if the statement of the value is based upon and connected with specific representations as to location, condition and the like, or the conditions are such that the purchaser cannot make an examination, a false statement as to the value will constitute fraud.

[As to fraud in the sale of real estate, see note in 2 Am. Dec. 77.]

**Fraud—Actions—Sufficiency and Proof.**

5. In an action for fraud in an exchange of land, a quitclaim deed, tendered by plaintiff to defendant in connection with a demand for the payment by defendant of the value of the land, is irrelevant.

**Fraud—Measure of Damages—Instructions.**

6. In an action for fraudulent representations as to land conveyed to plaintiff in an exchange, where the answer admits the alleged value of the land conveyed to defendant and defendant contends that in case of fraud in an exchange of property the measure of damages is the difference between the value of the property given and of that received, an instruction that the measure is the difference between the value of the land as it would have been if it was as represented and its actual market value gives the same rule in effect as that contended for by defendant.

**Appeal and Error—Presenting Question in Trial Court—Theory of Cause.**

7. In an action for fraud in an exchange, where the answer admits the agreed price or value of the property conveyed to defendant, defendant cannot, on appeal, complain of exclusion of evidence of the value of such property.

**Depositions—Reception in Evidence—Objections.**

8. Under Sections 407, 408, L. O. L., permitting objections on the trial to depositions as incompetent or irrelevant, and providing that when a party was present at the examination of a witness he shall not be heard to object on other grounds, a deposition in an action for fraud in the exchange of land that the witness had had about seven years' experience as a civil engineer, that he verified the measurements of the land in question, and that he had made the map introduced in evidence, was admissible over the objection that the evidence of the engineer was not supplemented by the testimony of his assistants or chain-bearers.

**Appeal and Error—Disposition of Cause—Affirmance.**

9. Under Article VII, Section 3, of the Constitution, providing that if the Supreme Court shall be of opinion that the judgment was such as should have been rendered, it shall be affirmed, notwithstanding any error during the trial, where, in an action for fraud there was convincing evidence that 27 acres of land conveyed to plaintiff at a valuation of $2,500 was of the value of from $10 to $20 per acre, and a motion for new trial after verdict for plaintiff for $2,500 was denied on condition that plaintiff file 'a *remittitur* in the sum of $400, the judgment will be affirmed.

From Marion: PERCY R. KELLY, Judge.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action by J. C. Robertson against L. B. Frey for damages for fraud and deceit. The cause was tried to the court and jury and a verdict rendered in favor of the plaintiff. From a judgment rendered thereon, the defendant appeals.

It is alleged in the complaint (paragraph I), in substance, that in April, 1912, the plaintiff and the defendant entered into an agreement whereby the former agreed to sell and convey to the latter certain described real property in the City of Salem, Oregon, together with the improvements and buildings thereon, and a small stock of groceries, general merchandise and fixtures, at the agreed price of $3,700; that the defend-

ant agreed to purchase the same and pay therefor in the following manner, namely: $1,200 in cash, and a deed of conveyance to the plaintiff of 40 acres of land in Monona County, Iowa, at the price of $2,500; that the defendant, in order to induce the plaintiff to enter into such agreement, represented that the land in Monona County contained 40 acres and was worth at least $2,500. It is then alleged that the said representations were, and the defendant knew them to be, false, and that they were made for the purpose of inducing the plaintiff to enter into the agreement, and for the purpose of misleading and deceiving him; that the plaintiff relied upon such false representations; that the plaintiff performed his part of the agreement, and the defendant paid the sum of $1,200 and delivered to the plaintiff a deed of the land in Iowa which purported to convey 80 acres instead of 40; that the plaintiff called the attention of the defendant to this discrepancy and the latter explained that there were more than 40 acres in the tract, but that part of the land was not claimed by the defendant and was in question concerning a right of way, but that the defendant had a good title to at least 40 acres; that the plaintiff had never seen the land and was compelled to and did rely upon the representations made by the defendant concerning the property and the value thereof, and was deceived thereby; that the land in Iowa is utterly worthless, for the reason that it is located on the bank of the Missouri River and is being washed away gradually; that during the year 1911 the river washed away six acres of the tract and that now there are not more than 25 acres left; that by reason of its location, its gradual destruction by the river, and the want of a right of way or road for ingress and egress, the land is not worth $2,500, or any other sum.

It is also further alleged that at one time prior to the commencement of this action the plaintiff demanded from the defendant a rescission of the agreement, but that the defendant refused to rescind the same or to restore to the plaintiff any part of the property conveyed to the defendant; that the plaintiff and wife duly executed a quitclaim deed conveying to the defendant the land in Monona County, Iowa, and offered to deliver the same to him, requesting the repayment of $2,500, which the defendant refused; that the plaintiff deposited the deed with the clerk of the court for it to be delivered upon the repayment of said sum of $2,500. The defendant answered and admitted all of paragraph 1 of the complaint, except the following: He denied that he represented the tract of land in Monona County, Iowa, to contain 40 acres, or any number of acres, or that he represented it to be worth at least $2,500, or any other sum, or that the plaintiff relied thereon. The defendant denied the remainder of the complaint, except that he represented to the plaintiff that his father paid $2,500 for the land, denying that such representation was false. There was some conflict in the evidence upon the issue as to what representations were made by the defendant.    AFFIRMED.

For appellant there was a brief over the names of *Mr. George G. Bingham, Mr. Harold D. Roberts* and *Mr. Rollin K. Page,* with oral arguments by *Mr. Bingham* and *Mr. Roberts.*

For respondent there was a brief with oral arguments by *Messrs. Carson & Brown.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. That this is not an action of damages for fraud and deceit, but is in the nature of a suit to rescind a con-

tract, is the alleged error upon which the defendant more particularly relies. This we understand is on account of the allegation in the complaint, to the effect that the plaintiff demanded a rescission, offered a deed to the defendant of the Iowa land, and requested a repayment of $2,500. If this paragraph of the complaint should be treated as surplusage, there would remain sufficient for an action of damages for fraud and deceit.

2. In an action for deceit it is necessary to allege that the representations were false; that the defendant knew them to be false; that they were made with the intent to defraud; and that the plaintiff relying thereon was induced to enter into the contract: *Rolfes* v. *Russel,* 5 Or. 400; *Dunning* v. *Cresson,* 6 Or. 241.

3. Misrepresentations of material matters recklessly made as of one's own knowledge, without in fact knowing whether they are true or not, render the maker liable to one who relies and acts thereon to his injury: *Cawston* v. *Sturgis,* 29 Or. 331 (43 Pac. 656). The court's instructions upon this point were to this effect, and they are approved.

4. If land contracted for is at a distance, or if the statement of the value is based upon and connected with specific representations as to location, condition and the like, or the conditions are such that the purchaser cannot make an examination, a false statement as to the value of the property contracted for will constitute fraud: 39 Cyc. 1271; *Montgomery* v. *McLaury,* 143 Cal. 83 (76 Pac. 964); *Lamb* v. *Levy,* 77 Wash. 511 (137 Pac. 1024).

5. The plaintiff offered in evidence the quitclaim deed referred to, which was admitted over the objection and exception of the defendant's counsel. The action for damages is predicated upon an affirmance of the

contract, and not upon a rescission: *Scott* v. *Walton,* 32 Or. 460 (52 Pac. 180) ; *Van de Wiele* v. *Garbade,* 60 Or. 585 (120 Pac. 752). We think this evidence was irrelevant, but that its admission did not amount to a reversible error.

6. It is urged that the trial court erred in instructing the jury that:

"The measure of damage in this case is the difference between the value of the land as it would have been if it was as represented and its actual market value. The purpose of making the award of damages in this case is in order to compensate the plaintiff for any loss, if any, which he may have suffered, and that is the measure of damages by which you would be governed."

To this instruction defendant's counsel duly objected and excepted. The defendant contends that in case of fraud in an exchange of property, the best rule as to the measure of damages is the difference between the value of the property given and the value of that received. The trial court excluded evidence of the value of the Salem property transferred from the plaintiff to the defendant for the reason that its value was admitted by the defendant's answer. The authorities as to the rule governing the measure of damages in cases of fraud are inharmonious. This is sometimes due to the difficulty of framing a definite rule which will give proper compensation to the injured party under varying states of facts. The general rule of damages in cases of fraud is that the party defrauded is entitled to recover the amount of the loss caused by the fraud of the other party, or damages adequate to the injury which he has sustained. The recovery must be limited to the actual loss: 20 Cyc. 130. There are a great number of cases in which the rule is stated that the measure of damages is the difference

between the value of the thing purchased and the price
paid, or in case of exchange the difference between the
value of that with which the injured party was fraud-
ulently induced to part and what he received: 20 Cyc.
135; *Barbour* v. *Flick,* 120 Cal. 628 (59 Pac. 122).

7. The controversy, however, in the case at bar arises
in regard to the value of the Salem property conveyed
by the plaintiff to the defendant. The trial court
understood the answer as admitting the agreed price
or value of this property. We think this conclusion
was correct. In order for the defendant to introduce
evidence of the value of the property traded to him,
an issue in regard thereto should have been fairly
raised by the pleadings. The defendant, not having
alleged that the property received by him in the deal
was of less value than as represented by the plaintiff,
or that he was deceived by the plaintiff, and the trial
court having proceeded upon that theory of the case,
the defendant ought not to be allowed upon appeal to
object to the ruling of the court in that regard: *Warner*
v. *Winfrey,* 142 Mo. App. 298 (126 S. W. 216). There
being no dispute as to the value of the Salem property,
the rule as to the measure of the damages adopted by
the court would work out the same as the one contended
for by the defendant. The contract executed by the
parties providing for the exchange of the properties
placed the value of the Iowa land at $2,500.

8. The depositions of R. V. Fairchild and George E.
Oliver and other witnesses, were taken at Sloan, Iowa,
both parties being represented by counsel. The land
traded to the plaintiff was measured by R. V. Fair-
child, county surveyor of Monona County, Iowa, in
January, 1912, when it was found that the tract which
originally contained 80 acres had been reduced by the
erosion of the Missouri River to 36.20 acres. Another

measurement was made May 31, 1913, under the
authority of the same civil engineer, at the instigation
of the plaintiff, and it was found then that but 27.16
acres remained. A map showing the location of the
land with reference to the river and the number of
acres remaining was introduced in evidence. The last
survey was made by George E. Oliver, acting as as-
sistant to the county surveyor. Mr. Oliver deposed
that he had had about seven years' experience as a
civil engineer; that he verified the measurements of
the remnant of the land, and that he made the map.
Counsel for the defendant objected and excepted to
this evidence including the map, for the reason that the
evidence of the engineer was not supplemented by the
testimony of his assistants or chain-bearers. We think
the evidence clearly shows *prima facie* the plat and
survey to be correct, and the objection is not well taken.
It cannot be held under the provisions of Section 407,
L. O. L., that the witness or his testimony was incom-
petent or irrelevant. Under the provisions of Section
408, L. O. L., the defendant is precluded from making
any other objection, for the reason that he was present
by his counsel at the time of the examination of the
witness and made no objection to the evidence. We
do not deem it necessary to discuss all the numerous
assignments of error.

9. Depositions were taken of persons residing in
Iowa who were acquainted with the value of the land,
to the effect that the 27 acres which had not been
washed away by the Missouri River were variously
estimated at from $10 to $50 per acre. One witness
testified that it was "condemned" land and of no
market value. The evidence tended to support the
allegations of the complaint and to show that the
defendant knew of the peculiar location of the land

upon the river and the danger of destruction by erosion, and failed to inform the plaintiff in regard to the same, but represented that the river was receding from the land. Convincing evidence is found in the record to the effect that the Iowa land was of the value of from $10 to $20 per acre. The jury rendered a verdict for $2,500. The defendant filed a motion for a new trial on the grounds, among others, (1) excessive damages, and (3) error of the court in admitting in evidence the quitclaim deed of the Iowa land. The court overruled the motion on the condition that the plaintiff file a *remittitur* in the sum of $400. In view of the admission in evidence of the quitclaim deed and the action taken by the court, we are called upon to determine whether or not the judgment was such as should have been rendered. Article VII, Section 3, of the Constitution directs that:

"Until otherwise provided by law, upon appeal of any case to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial."

All the evidence and the instructions of the court are contained in the record.

After careful examination of all the matters thus submitted, we are of the opinion that the judgment was correct notwithstanding any error that may have been committed during the trial. No good purpose would be served by remanding the cause for a new trial.

The judgment of the lower court will therefore be affirmed.                              AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.