## FEAK v. MARION STEAM SHOVEL CO.
### No. 8072.

Circuit Court of Appeals, Ninth Circuit.
July 27, 1936.

James Arthur Powers, Philip A. Joss, and Senn & Recken, all of Portland, Ore., for appellant.

Bogle, Bogle & Gates, of Seattle, Wash., and Dey, Hampson & Nelson, Herbert L. Swett, and R. R. Morris, all of Portland, Ore., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought to recover damages for fraud. The trial court instructed the jury to return a verdict in favor of the defendant upon the ground that the action was barred by the two-year statute of limitations of the state of Oregon. Sections 1-201, 1-206, Oregon Code 1930.

This is the second action brought for this same fraud. A judgment of nonsuit was entered in the first action. This action having been brought within a year after such nonsuit (section 1-219 Oregon Code 1930), the question is whether such first action was brought within two years after the fraud was or should have been discovered. That action was brought April 26, 1933. The question, therefore, is whether or not the fraud was discovered by appellant or his partner, or, if not, whether either of them had sufficient information prior to April 26, 1931, to charge the copartnership with notice of the fraud as a matter of law.

The fraudulent representations sued upon were made in January, 1930, at Portland, Ore., by Mr. Niles, the general agent of the Marion Steam Shovel Company for the states of Washington and Oregon, and were to the effect that a certain gas electric shovel worth about $15,000, which had been sold by the appellee through Mr. Niles, was then owned by R. W. Shaffer, without encumbrance, whereas, in fact, the shovel in question had been sold by the appellee under conditional sales contract to one Schell, and the sum of $3766.14 was still unpaid on the purchase price. Niles believed, or professed to believe, that although the conditional sales contract of the appellee had been made with Schell, he was acting for the copartnership of Schell and Shaffer, that the shovel belonged to this copartnership, and that upon the dissolution of that copartnership the title of the copartnership to the shovel was transferred to Shaffer. Niles testified that he had been so informed by Shaffer, and that he believed the statement to be true.

Whether or not this representation by Niles as to the ownership of the shovel was made with fraudulent intent, or whether it was due to an honest mistake induced by the false statements of Shaffer to Niles, as he testified, was a question for the jury to determine. Consequently, we must assume for the purposes of the appeal from the directed verdict that the representations were made with fraudulent intent.

The appellant's claim may be outlined as follows:

Niles, acting for the Marion Steam Shovel Company, represented to J. W. Feak and his partner, Lohrer, who were doing business under the firm name of J. W. Feak Construction Company, that Shaffer was an efficient and honest road contractor and owned the shovel in question. This representation was made for the purpose of inducing them to enter into a partnership agreement with Shaffer for the construction of a road improvement job at Ochoco, Ore., at the contract price of about $176,000; that because of this representation Feak and Lohrer entered into a copartnership arrangement with Shaffer for the road construction work in question and thereafter executed a contract therefor in a name adopted for the new copartnership, to wit, J. W. Feak Construction Company; that Shaffer's contribution to the capital of the copartnership was certain road equipment, including the shovel in question, and about $1,000 worth of other equipment.

According to the appellant's contention, two wrongs were inflicted by Niles upon Feak and Lohrer in the first misrepresentations made. One was that a copartnership was formed by Feak and Lohrer with Shaffer. The other, that by the partnership agreement they rendered to Shaffer consideration for an interest in the shovel.

As early as April, 1930, after the road construction contract had been entered into by the new copartnership, it was discovered by Feak and Lohrer that Shaffer was dishonest and had lied to them about his financial situation, and, as they feared, about the title to the shovel, upon which, in March, 1930, it was discovered that there was an unpaid balance of $3,766.14. To meet this situation and to avoid attachments for Shaffer's debts, they formed a corporation with the same name as the copartnership, J. W. Feak Construction Company, and continued the roadwork as such corporation.

It is clear and is apparently conceded by the appellant that the discovery of the dishonesty and fraud of Shaffer in March and April, 1930, was sufficient to put the partners on inquiry as to his title to the shovel, but appellant contends that such inquiry was made, and the partners were reassured by the Marion Steam Shovel Company that the title to the shovel was in Shaffer. It was because of these subsequent representations concerning the title that appellant claims that the fraud was not discovered until within the two-year period.

It should be stated here that J. W. Feak sues as assignee of the copartnership, J. W.

Feak Construction Company, composed of Feak and Lohrer, and of the corporation, J. W. Feak Construction Company. Consequently, the relative rights of Feak, as assignee of the copartnership and of the corporation, and the rights of the new partnership of the same name in which Shaffer was a partner, are largely ignored by the appellant in the presentation of the case. The complaint treats the misrepresentations made to the new partnership, and to the corporation, as mere concealments of the original fraud, and not as substantive claims of new frauds.

Appellant thus assumes that there was a continuous misrepresentation and concealment during the whole period up to and beyond April 26, 1931, and consequently, that the relative rights of Feak as assignee of the old partnership, and as assignee of the newly formed corporation, are unimportant. It must be apparent, however, that there is a distinction between the problems presented by the rights of Feak as assignee of the Feak and Lohrer copartnership and as assignee of the corporation.

Feak and Lohrer were copartners at the time of these representations, and it is assumed by the parties for the purposes of this appeal, that if there was fraud this copartnership was entitled to recover their damages resulting from the fraud if not barred by the statute of limitations. The right of action for this initial fraud accrued immediately upon the formation of the copartnership with Shaffer, and was for the amount of damages then suffered by Feak and Lohrer by reason of the misrepresentation concerning the title to the shovel. The statute of limitations, however, did not begin to run until discovery, actual or constructive. In Oregon the recovery could not have exceeded the amount paid for the shovel. Lichtenthaler v. Clow, 109 Or. 381, 220 P. 567; Robertson v. Frey, 72 Or. 599, 144 P. 128, 130; Smith v. Bolles, 132 U.S. 125, 10 S.Ct. 39, 33 L.Ed. 279; Caples v. Morgan, 81 Or. 692, 160 P. 1154, L.R.A. 1917B, 760.

Shortly after Shaffer was taken into the copartnership, he executed a lease on behalf of the copartnership for the shovel in question, acknowledging title in Schell as owner and agreeing to pay a monthly rental for the use of the shovel.

In March, 1930, Feak was advised by the Marion Steam Shovel Company that Shaffer owed the company a balance of $3,766.14. Feak contends that the Marion Steam Shovel Company represented that

this entire amount was owed by Shaffer on the shovel while in fact, $941.72 of this amount was owed by Shaffer on an open account. The appellee contends that there was no such misrepresentation and that a letter was mailed by appellee to Feak showing that $941.72 of the amount claimed was owed by Shaffer on an open account balance. In any event, this claim by the Marion Steam Shovel Company was in direct opposition to its representation that Shaffer had fully paid for the shovel. Feak testi-. fied, however, that he accepted the explanation of Niles for the Marion Steam Shovel Company that he had made a mistake in his representation that the shovel was fully paid for, and paid the entire balance due that company. Feak paid this balance, and the appellee thereupon executed a bill of sale to Shaffer containing a warranty of title which was delivered to Feak, whereupon Shaffer executed a note and chattel mortgage on the shovel to Feak for the amount of the payment made by Feak to the Marion Steam Shovel Company ($3,766.14). This note and mortgage were later assigned by Feak to Joseph A. Mallery.

It is conceded that this discovery of the falsehood of Shaffer concerning the balance due to the appellee' upon the shovel would have put the partners upon notice of the fraud with reference to the title of the shovel, were it not for the fact that by the bill of sale itself the Marion Steam Shovel Company again represented to Feak and Lohrer that the title was in Shaffer subject to the deferred payment, and expressly warranted their title in the bill of sale to Shaffer.

The new partnership continued to use the shovel upon the road contract of the copartnership until the dissolution arrangement was made with Shaffer after which time the corporation took over the work and the rights and liabilities of the copartnership and continued to use the shovel on the job.

Schell addressed the new corporation, claiming to own the shovel and demanding that he be paid the rental value of the shovel. The amount of the deferred payments due upon the purchase price of the steam shovel was paid by Feak directly to the Marion Steam Shovel Company, and was credited by Schell upon the rental value of the machine under his lease with the copartnership.

A suit was brought December 27, 1930, in the Oregon courts by Mallery, assignee of Feak, to foreclose the chattel mortgage on the steam shovel. Schell was made a party defendant thereto as one who claimed an interest in the shovel. He filed an answer in that action January 14, 1931, claiming to own the shovel and setting out as an exhibit to the answer a copy of the conditional sales contract of the Marion Steam Shovel Company to him. In the meantime Schell had brought a replevin action, on December 26, 1930, to recover the possession of the shovel from the Feak Construction Company, alleging his ownership. Schell's complaint in the replevin action and his answer in the mortgage foreclosure action were both filed before April 26, 1931. J. W. Feak was a party to the replevin action, was served with process and appeared therein, and had full and complete knowledge of the claim of Schell to the steam shovel. He also had knowledge of the foreclosure action, and of the answer filed by Schell in that action, and he appeared as a witness and testified therein.

In addition to these two suits, Schell brought an action, November 3, 1930, against Feak, Lohrer, and Shaffer, as a partnership doing business under the name of the J. W. Feak Construction Company, and the Union Indemnity Company, a bonding company, for the recovery of rents for the use of the machine, under the lease executed by Shaffer on behalf of the copartnership. He also filed a claim with the state of Oregon, addressed to the secretary of state, claiming a lien on the unpaid contract installments due for road construction for the use of the shovel, and he attached to his claim a copy of the lease executed by J. W. Feak Construction Company by Shaffer. A copy of this claim, as well as a copy of the lease, was forwarded by the secretary of state of the state of Oregon to the Feak Construction Company, the corporation, before April 26, 1931.

If the sworn statements of Schell alleging his title to the shovel contained in his complaint for the recovery of the rental value of the shovel in his complaint in the replevin action, in his sworn answer in the chattel mortgage foreclosure suit, and in his formal claim before the state of Oregon, were not sufficient to put the plaintiff upon notice of his title and the falsity of the statements of the appellee to the contrary, it is difficult to conceive of any fact that would be sufficient to put a party upon notice.

Thus, of course, Feak acquired actual knowledge of Schell's claim. Feak, how-

ever, contends that he believed at this time that there was a conspiracy between Schell and Shaffer to give apparent title and ownership of the shovel to Schell, and that the lease agreement made by Shaffer in the name of the new partnership was a part of this scheme to defraud. In this dilemma he turned to the Marion Steam Shovel Company for information and received a letter, February 6, 1931, from the attorneys representing that company to the effect that they knew of no claim Schell had against the shovel.

Appellant considers that this statement, and other similar statements by the Marion Steam Shovel Company, prior to the actions we have referred to, amounted to a concealment of the fraud, and therefore, notwithstanding the notice he had received of the falsehood of Shaffer and his unreliability, and notwithstanding the claims of Schell, he should not be charged with notice.

The applicable rule of law, however, will not support this theory. Restatements of the fraudulent representation do not of themselves constitute concealment, and where a party is once put upon notice of fraud he cannot avoid the consequences of his constructive knowledge of the fraud nor fulfill his duty to investigate by going to the party he suspects of the fraud. He cannot desist from further investigation because he is reassured of the truth of the original representations. Brackett v. Perry, 201 Mass. 502, 87 N.E. 903; see also, Sioux City & St. P. Ry. Co. v. O'Brien (1902) 118 Iowa, 582, 92 N.W. 857.

Indeed, it is difficult to see how an express written agreement such as was contained in the covenant of title in the bill of sale of the shovel to Shaffer by a financially responsible organization such as the appellee is conceded to be, can be treated as a concealment of a fraudulent representation or a new fraud. It was more than a representation; it was a contract, binding and enforceable. In any event, for the purpose of this case, it is sufficient to say that neither this written representation nor the other representations overcame the effect of the information received by Feak as to the ownership of the shovel. Until the termination of the foreclosure action in which it was adjudged that Schell was the owner of the shovel, the Feak Construction Company, a corporation, and its predecessor, the new copartnership, continued in the possession and use of the shovel. It was used on the road job until it was completed. It is sug-gested, and there is some indication in the evidence, and appellee claims, that the appellant deliberately closed his eyes to sources of information available to him in order to hold onto the shovel until the roadwork was completed. Whether or not this was appellant's deliberate purpose is immaterial, for under the law he is chargeable for his failure to investigate, regardless of whether it was deliberate or merely negligent.

We have not attempted to state all the complicated facts shown by the record nor to deal with every argument of the parties concerning the just inference to be drawn from such evidence because such a discussion would unnecessarily extend this already lengthy opinion.

We see no escape from the conclusion of the trial judge that the action for fraud was barred by the statutes of Oregon because of failure to institute the same within two years after the acquisition of facts sufficient to put the plaintiff upon notice, and that this appears from the undisputed facts as a matter of law.

Affirmed.