### PHILLIPS et al. v. BAKER.

### No. 10249.

Court of Civil Appeals of Texas. San Antonio.

Feb. 16, 1938.

Rehearing Denied March 16, 1938.

Myrick & Johnson, of Harlingen, and H. L. Faulk, of Brownsville, for appellants.

Brown & Criss, of Harlingen, for appellee.

MURRAY, Justice.

This suit was instituted by appellee, William J. Baker, in the district court of Cameron county, on December 2, 1936, against Border Home Company, a corporation, Wimberly McLeod, Sam A. Shannon, George E. Phillips, and another, seeking to recover damages alleged to have been sustained by him as the result of entering into a contract of sale for the purchase of twenty acres of land situated in Cameron county. The contract of purchase land sale of the twenty acres was entered into by and between appellee William J. Baker and the Border Home Company, a corporation, acting by and through George E. Phillips and Wimberly McLeod. The total purchase price for the land was stated to be $7,444, which appellee paid by giving a check for $444, and delivering stock in a building and loan corporation of El Paso, Tex., of the face value of $7,000. Appellee did not receive a deed to the land, but moved thereon and remained on the land for approximately a year, and then abandoned the premises because he had never received his deed. George E. Phillips was president of the Border Home Company and Wimberly McLeod was its general manager. The appellant Sam A. Shannon was a friend of appellee Baker, and participated in the sale of the land to appellee by taking him to Phillips and McLeod and recommending them as being trustworthy and reliable real estate men in the Valley.

As a matter of fact, neither the Border Home Company, Phillips, McLeod, nor Shannon had any title whatever to the twenty acres of land which they contracted to sell to Baker and title to the land was never conveyed to Baker. Both the pleadings and the evidence conclusively show that on or about May 11, 1934, appellee Baker discovered and was fully advised that the twenty acres of land contracted to be sold to him was owned by the National Bank of Commerce of Houston, and the Citizens State Bank of Houston, and that the Border Home Company had no title to the land which it could convey to him.

The suit was tried to a jury, but at the close of the evidence the trial judge instructed a verdict in favor of Mr. William J. Baker against Wimberly McLeod, Border Home Company, George E. Phillips, and Sam A. Shannon, jointly and severally, in the sum of $7,444, with interest at 6 per cent., together with all costs. Neither McLeod nor the Border Home Company appealed from this judgment, and this appeal is prosecuted alone by George E. Phillips and Sam A. Shannon.

It is clear from this record that the fraud having been committed on the 26th day of April, 1933, the same fully realized and discovered by Baker on May 11, 1934, and suit not having been filed until December 2, 1936, the two years' statute of limitation would preclude any recovery by Baker, unless the appellants, Phillips and Shannon, would, for some reason, be estopped to plead the two years' statute of

limitation. At the bottom of paragraph XI of plaintiff's trial petition is found the following quotation: "That on or about May 11th, 1934, plaintiff discovered and was informed and advised that said lands and premises were owned and claimed by The National Bank of Commerce of Houston, Texas, and the Citizens State Bank of Houston, Texas, and that said defendants and none of them had any rights therein." This admission in the pleadings as well as the evidence establishes beyond any question the discovery of the fraud by appellee more than two years before he instituted his suit. It is clear that an action brought under the provisions of article 4004, R.C.S.1925, for fraud and deceit in the sale of land, is barred by the two years' statute of limitation. Article 5526, R.S.1925; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908.

Appellee makes the following frank statement about the situation here presented: "They rely upon the two year Statute of Limitation. Unless by their acts the defendants have been estopped to rely upon the Statute of Limitation, then their plea is good. If they have been estopped, as plead and proved by appellee, then the Statute is to Appellants of no avail."

Appellee relies upon the twelfth paragraph of his trial petition as his plea of estoppel in this case. Paragraph XII reads as follows:

"That thereafter, and from on or about May 11th, 1934, and until on or about the month of August, 1936, said defendants and each of them repeatedly assured plaintiff that said contract would be complied with and that said defendants intended to do the right thing by plaintiff with reference thereto and that there was no need for plaintiff to be alarmed about the situation, and that the title thereto would be perfected and the taxes paid and an abstract delivered to plaintiff and if plaintiff would forbear the instituting of any action against them, they and each of them would see that said contract was complied with. That further in this connection plaintiff would show that as late as the month of August, 1936, he was assured by the attorney for two of the defendants herein, Mr. Claude E. Carter, that said title would be delivered and said taxes paid, and in this connection plaintiff would show that it was not until on or about December 1st, 1936, that he first discovered that each and all of said representations were false and untrue and that defendants and none of them, could or would comply with said contract and said representations and promises, and further in this connection, plaintiff would show that a reasonably prudent person under the same and similar circumstances would not have discovered this fraud until on or about September 1st, 1936. That thereafter and on December 2nd, 1936, this said action was instituted."

This pleading is not sufficient as a plea of estoppel as it fails to set forth at least one of the essential elements of estoppel, that is, that appellee relied upon the promises and representations of appellants. It would seem that this paragraph is more of a plea that appellee did not discover the fraud perpetrated upon him until August, 1936. This pleading shows that the appellants merely repeated their former false promises to convey the title to the twenty acres of land to appellee. It is settled law in this state that an alleged injured party cannot excuse his failure to bring a suit within the time required by the statutes of limitation simply because the fraudulent parties repeat to him their fraudulent promises after he has discovered the fraud. The Life Association of America v. Goode, 71 Tex. 90, 8 S.W. 639; Feak v. Marion Steam Shovel Company, 9 Cir., 84 F.2d 670, 107 A. L.R. 583.

Not only did appellee fail to allege and prove that he relied upon the subsequent promises and assurances of appellants, but, on the contrary, the evidence shows that he did not rely upon such promises. It appears that in March, 1934, he abandoned the land, and employed a lawyer, by the name of W. T. Carlton, to represent him. Carlton received a letter written on May 11, 1934, informing him that the twenty acres of land which appellee had contracted to purchase from the Border Home Company was in fact owned by the two Houston Banks, and that neither the Border Home Company nor McLeod owned any interest in this land. Carlton conveyed this information to Baker not later than June 1, 1934. In September, 1934, Baker and his attorney conferred with the criminal district attorney of Cameron county seeking to have the appellants indicted on criminal charges. Phillips was informed shortly thereafter that unless appellee received good title to the land before the February term of court that he would appear before the grand jury at that time and make complaint against him. Indictments were in fact returned against McLeod and Phillips. Later Carlton died, and appellee then employed Coursey, an attorney,

to represent him in the matter; and thereafter appellee's present attorneys were employed by him to take charge of the matter. These facts show that Baker was not in fact relying upon the subsequent promises made to him, but that he was taking such steps as he thought proper to protect his interests. There is a total lack of both allegations and proof to show any estoppel against either Shannon or Phillips, and in the absence of estoppel appellee's cause of action is clearly barred by the two years' statute of limitation.

Accordingly, the judgment of the trial court will be affirmed as to defendants below Wimberly McLeod and Border Home Company, a defunct corporation, but as to appellants herein the judgment of the trial court will be reversed and judgment rendered that appellee take nothing by reason of his suit and pay all costs of this and the court below.