Russell **FROWNFELTER**, Appellant,

v.

**INTERNATIONAL SHOE CO.** and Shoenterprise Corp., Appellees.

No. 17949.

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1960.

Pat Maloney, San Antonio, Tex., for appellant.

Werner N. Beckmann, Beckmann, Stanard, Wood & Vance, San Antonio, Tex., for appellees.

Before HUTCHESON, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is a suit for fraud and deceit brought by appellant against appellees. The allegations of fraud are: that to induce appellant to become general manager of a store to be stocked with shoes of appellees' manufacture, appellees assured him he would be permitted to stock three "quality" lines of appellees' shoes, whereas appellees did not intend to permit him to do so and they did not do so, thus wilfully misleading him to his damage.

The statute of limitations in Texas, the place of the contract and of the forum, is two years from the discovery of the fraud. It appearing from a deposition of appellant, taken in support of appellees' motion for summary judgment, that Frownfelter learned of the falsity [1] of the promises prior to March 2, 1955, the trial court granted the motion on the ground that the fraud had been discovered more than two years prior to the filing of the suit on September 16, 1957.

Appellant here complains that an issue of fact was raised by his explanatory affidavit filed in opposition to the grant of summary judgment, in which he asserted that he had not learned of the fraud on March 2nd because appellees later promised "that I was going to get them."

The question is thus presented whether further promises, also broken, reiterating promises that had been made with no intention of performance,[2] which fact was already known to the defrauded party, tolls the statute because the defrauded party still does not know he has been defrauded.

The Texas courts have dealt with this precise situation. The Supreme Court of Texas said, in Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364, at page 367:

"It is clear then that the action is barred by the two year statute of limitations unless an estoppel can be predicated upon petitioner's repetitions of the initial representation.

"(3) Repeated assurances of the truth of the original representation may constitute an affirmative concealment of the fraud and excuse a failure to exercise diligence in discovering the falsity thereof. Al Parker Securities Co. v. Owen, Tex. Com.App., 1 S.W.2d 271. This rule is limited, however, to the situation in which the injured party has not actually discovered the extent of the false representations. As pointed out in Phillips v. Baker, Tex.Civ. App., 114 S.W.2d 421 (wr. ref.) such party cannot excuse his failure to bring suit within the time required by the statute of limitations simply because the fraudulent statements are repeated after he has learned the true facts. For after actual discovery of the fraud, there can be no further concealment by or reliance upon mere repetitions of the original representation. It thus appears from the pleadings and depositions in this case that there is no genuine issue of material fact and that petitioner is entitled to judgment as a matter of law."

1. Appellees, of course, do not admit there were any false statements made. They stand on the proposition that Frownfelter learned by this date that appellees did not intend to let him stock the three quality brands.

2. For the purpose of the motion for summary judgment, of course, we must assume that appellant's statements as to the making of the promises were true.

As will be noted, this opinion cites with approval the case of Phillips v. Baker, 114 S.W.2d 421, 423, decided by the San Antonio Court of Civil Appeals (writ refused). In that case the court reversed a judgment of the trial court finding fraud on the same facts as are shown without dispute to be present in this case. The court said:

"It is settled law in this state that an alleged injured party cannot excuse his failure to bring a suit within the time required by the statute of limitations simply because the fraudulent parties repeat to him their fraudulent promises after he has discovered the fraud."

We conclude that there was no issue of material fact to be submitted to the jury, and the judgment of the trial court for the appellees must be affirmed.

Judgment affirmed.