Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00041-CV

Rufus **ODEM**,
Appellant

v.

**PADGETT, STRATEMANN & CO., L.L.P.** and Santos Fraga,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-17884
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  September 14, 2011

AFFIRMED

Rufus Odem sued Padgett, Stratemann & Co., L.L.P. and Santos Fraga for fraud based on allegations that they misrepresented and concealed facts in relation to an audit Padgett conducted for the San Antonio Water System. On appeal, Odem contends the trial court erred in granting summary judgment in favor of Padgett and Fraga because: (1) his claim was not barred by limitations; and (2) a fact issue was raised with regard to the reliance element of his claim. We affirm the trial court's judgment.

**BACKGROUND**

Odem became the director of SAWS's internal audit department around 1986.  Padgett was retained to conduct an external independent audit of SAWS for the year ending December 31, 2005.  Fraga was a partner at Padgett involved in the audit.

On March 15, 2006, Padgett issued its Conduct of Audit and Management Letter ("Audit Letter") relating to the audit.  The Audit Letter contained recommendations regarding improvements and action steps relating to internal audit activity, including a recommendation that an external quality assessment review ("QAR") be conducted on the internal audit function by an outside risk management and internal audit consultant.  By May 9, 2006, at the latest, Odem refuted the recommendations in writing, informing the SAWS board of trustees that he believed the Audit Letter contained inaccuracies or misleading statements.

In October of 2006, SAWS retained Deloitte & Touche, LLP to perform a QAR.  On October 26, 2006, a Deloitte accountant, Kathie Schwerdtfeger, interviewed Fraga.  During the interview, they discussed the contents of the Audit Letter.

On October 25, 2010, Odem sued Padgett and Fraga for fraud and fraudulent concealment.  Padgett and Fraga moved for summary judgment based on limitations and absence of reliance.  Odem appeals the trial court order granting the summary judgment.

**DISCUSSION**

The standard of review for a summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (iii) every inference must be indulged in favor of the nonmovant and any doubts resolved in

his favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant who moves for summary judgment must show that the plaintiff has no cause of action by either disproving at least one essential element of each theory of recovery or conclusively proving all elements of an affirmative defense. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex. 1993); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990).

Both parties agree that Odem's fraud claim is governed by a four year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (West 2002). Padgett and Fraga assert that the fraud claim accrued by May 9, 2006, at the latest, when Odem knew of the alleged falsity of the statements made in the Audit Letter. Odem counters his cause of action accrued on October 26, 2006, when Fraga made misrepresentations and concealed facts during his interview with Schwerdtfeger. In his reply brief, Odem acknowledges that "the misrepresentations and concealments in the October 26, 2006 meeting between Fraga and Schwerdtfeger were the same as those previously made to SAWS in March 2006." Odem asserts, however, that the statements Fraga made during the interview gave rise to a new fraud claim because they were made to a new and different audience. Odem cites cases involving defamation and false credit report claims, which Padgett and Fraga assert are distinguishable from Odem's fraud claim.

In *Stafford v. Wilkinson*, 304 S.W.2d 364, 367 (Tex. 1957), the Texas Supreme Court addressed the effect of repeated misrepresentations on limitations in a fraud case. In that case, Wilkinson sued Stafford for fraud in a real estate transaction which at that time was governed by a two year limitations period. *Id.* at 365. The real estate sale was closed in March of 1950. *Id.* The metes and bounds description of the property indicated that it was bounded on the south by a highway; however, the actual southern boundary was fifty feet north of the highway. *Id.*

Wilkinson filed his lawsuit in November of 1954. *Id.* Stafford moved for summary judgment based on limitations, and the evidence included Wilkinson's testimony that people informed him in 1951 that he did not own the disputed fifty feet of land. *Id.* The evidence also included a letter Wilkinson admitted that he wrote in August of 1951, stating that he had "found out the facts about the whole deal." *Id.* at 366.

The Texas Supreme Court held that the evidence conclusively established that Wilkinson knew he did not own the strip of land in question as early as 1951. *Id.* In response to this evidence, Wilkinson asserted that he was lulled into inaction by Stafford's repeated assurances that he had good title to the strip of land and would take care of the title. *Id.* at 366, 367. The Texas Supreme Court, however, noted that "these assurances [were] merely repetitions of the original representations." *Id.* at 367. The Texas Supreme Court then held:

> Repeated assurances of the truth of the original representation may constitute an affirmative concealment of the fraud and excuse a failure to exercise diligence in discovering the falsity thereof. This rule is limited, however, to the situation in which the injured party has not actually discovered the extent of the false representations. …. For after actual discovery of the fraud, there can be no further concealment by or reliance upon mere repetitions of the original representation.

*Id.* (citations omitted).

Similarly, in *Phillips v. Baker*, this court addressed a fraud claim relating to a representation about the ownership of land. 114 S.W.2d 421, 422 (Tex. Civ. App.—San Antonio 1938, writ ref'd). When the land was sold in April of 1933, the sellers represented that they owned it. *Id.* The pleadings and the evidence conclusively established that the purchaser discovered and was fully advised by May of 1934 that the land was owned by someone else. *Id.* The purchaser did not institute his lawsuit until December of 1936. *Id.*

The Fourth Court initially noted that the pleadings and evidence established beyond any question that the fraud was discovered by the purchaser more than two years before he instituted his lawsuit which was governed by a two-year limitations period. *Id*. at 423. The purchaser argued his lawsuit was not barred by limitations because the sellers continued to assure him that they would convey title to him until August of 1936. *Id*. This court rejected the purchaser's argument holding, "This pleading shows that the appellants merely repeated their former false promises to convey the title to the twenty acres of land to appellee. It is settled law in this state that an alleged injured party cannot excuse his failure to bring a suit within the time required by the statutes of limitation simply because the fraudulent parties repeat to him their fraudulent promises after he has discovered the fraud." *Id*.; *see also Life Forms, Inc. v. The Woodlands Operating Co., L.P.*, 304 S.W.3d 591, 600 (Tex. App.—Beaumont 2010, pet. denied) (noting accrual of cause of action triggered by awareness of falsity of representations which "could not be erased by repetition of the original assurances"); *Berkley v. American Cyanamid Co.*, 799 F.2d 995, 999-1000 (5th Cir. 1986) (quoting rule from *Stafford* that repeated assurances of the truth of an original representation do not affect accrual of cause of action where the injured party knew that the representation was false).

In this case, Odem has conceded that the alleged misrepresentations or facts fraudulently concealed during the October 26, 2006 interview were the same as those made or concealed in the March 2006 Audit Letter. In May of 2006, Odem demonstrated his knowledge of the alleged falsity of the statements by refuting them in writing. Accordingly, Odem cannot excuse his failure to bring his lawsuit within the time required by the statute of limitations simply because Fraga repeated the same information in his interview as was contained in the Audit Letter. *See*

*Stafford*, 304 S.W.2d at 488; *Phillips*, 114 S.W.2d at 423. Therefore, the trial court properly granted summary judgment in favor of Padgett and Fraga based on their limitations defense.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice